## ELLIS v. JACKSON COUNTY.

**District Attorney:** COMPENSATION. Under chapter 38, Laws of 1864, a District Attorney is not allowed to charge a fee for a conviction, in addition to the fee allowed for a jury trial.

*Appeal from Jackson District Court.*

THURSDAY, APRIL 9.

THIS cause was submitted to the District Court for Jackson County upon an agreed statement of facts setting forth that L. A. Ellis, District Attorney of the 7th judicial district, as attorney for the State, tried the case of the *State of Iowa v. Nicholas Sheir,* who was indicted for seduction, and that the

jury returned a verdict of guilty; that the said District Attorney, for his fees and services in said cause, charged the said county as follows, to-wit: For a jury trial, $10; for conviction of a felony, $10. That the claim of plaintiff was duly presented to the board of supervisors of Jackson County in April, 1872, and was disallowed by them, from which plaintiff appealed, the supervisors agreeing to the jurisdiction of the District Court.

The District Court sustained the decision of the board of supervisors, and plaintiff appeals.

*L. A. Ellis*, for appellant.

*William Graham*, for appellee.

DAY, J.—This case involves a construction of §§ 380 and 381 of the Revision, § 5 of Chapter 19 of the laws of 1862; and Chapter 38 of the laws of 1864. §§ 380 and 381 of the Revision are as follows: · "The several district attorneys shall receive for their services each the sum of eight hundred dollars per annum out of the State Treasury, to be audited and paid as the salaries of other State officers. In addition to the above salary, he shall receive for every conviction procured by him during his term of service, for a misdemeanor, five dollars; for a felony, ten dollars; such fees to be allowed and paid by the County Judge in each county in which the case originated."

These sections distinguish between salary, and the fees allowed for conviction. This is clear from the language employed. § 380 provides that there shall be paid to each district attorney $800 as the salaries of other State officers are paid. § 381 provides a sum to be paid *in addition* to the above salary. § 5 Chapter 19, Laws of 1862, is as follows: "That the salaries of the several District Attorneys shall be six hundred dollars per annum, and the fees allowed by law." The fees allowed by law here meant are evidently those mentioned in § 381 of the Revision. But this section breaks down the distinction which before was clearly defined between the salary and the fees allowed. This becomes clear by putting the question, what shall the salaries of the district attor-

neys be? The answer is, the salaries shall be six hundred dollars, and the fees allowed by law.

The salary and fees being thus thrown together under the general designation of salary, Chapter 38, Laws of 1864, was DISTRICT At- enacted. And it continues this general designa-
torney: com-
pensation. tion. It provides "That the salaries of the several District Attorneys shall be six hundred dollars per annum, and in addition the following fees, to be paid in the manner now provided by law. For each conviction, on plea of guilty, five dollars; for each jury trial, in cases of misdemeanor, five dollars; and in each jury trial, in cases of felony, ten dollars."

It legislates upon the whole subject of salary and provides what it shall be. It enacts that that salary shall be six hundred dollars, and for a jury trial in a misdemeanor five dollars, and in a felony ten dollars. It as effectually excludes or negatives the idea that such officers should recover more, as though it had so said in direct terms. *Expressio unius est exclusio alterius.* It may be suggested that the act of 1864 contains no repealing clause, and that repeals by implication are not favored. But where one statute provides a given compensation for a certain service, and another provides a different compensation for the same service, they are of necessity in conflict and both cannot stand.

If the salary of a state officer is fixed at $2,000 and the legislature afterward fixes the salary at $3,000, without any repealing clause, no one claims but that the first statute ceases to be of force. No one claims that such officer could demand the compensation fixed by both statutes. And when it is borne in mind that Chapter 38, Laws of 1864, covers the whole subject of salary, and provides what it shall be, the claim that district attorneys may recover under both statutes becomes equally untenable.

AFFIRMED.