J. C. BAKER, Appellee, v. J. M. MATHEW, Appellant.

**Examination of witnesses:** EXCLUSION OF EVIDENCE: DISCRETION.
1 The extent, subject-matter and manner of examination of witnesses is largely discretionary with trial court; and even though the objection of counsel is not broad enough to suggest the real point, the court on its own motion may exclude the testimony upon any legal and tenable ground: as, where the evidence, in an action for false representation as to the value of bank stock, showed that plaintiff made inquiries of others concerning its value prior to negotiations with defendant, the court properly excluded plaintiff's testimony on cross-examination as to why he made such inquiries and whether he relied on defendant's statements, under an objection that the same was incompetent and not cross-examination.

**Same.** The court also properly exercised its discretion in excluding evidence on cross-examination of a witness for plaintiff which defendant might have shown by calling the witness in his own behalf.

**Evidence:** HYPOTHETICAL QUESTION. A hypothetical question including matter not then shown by the testimony should not be permitted, but if improperly excluded no prejudice resulted, for the facts sought to be proven were shown by the uncontradicted evidence of the other witnesses.

**Evidence:** PREJUDICE. In an action for fraud in an exchange for a stock of merchandise plaintiff may state the reason he gave defendant for disposing of his stock as a part of the transaction; but if improperly admitted no prejudice resulted from the answer.

**False representations:** KNOWLEDGE OF FALSITY: PROOF OF SAME: INSTRUCTIONS. To establish a case of false representation it must be shown that defendant had actual knowledge of the falsity of his statement; and in determining this question his opportunities for knowing the truth or falsity of the statement should be considered; but opportunity alone is not the equivalent of knowledge.

**Same:** INSTRUCTION: MEANS OF KNOWLEDGE. In an action for false representations concerning the value of bank stock transferred by defendant to plaintiff, where it appeared that defendant was

vice-president and a managing director of the bank, a requested instruction that if plaintiff had equal means of information concerning its value he must have made use of such means before he could recover, on the grounds that he was mislead by defendant's representations, was inapplicable and properly refused.

**Instructions:** BURDEN OF PROOF. Where the court properly instructed, in an action for false representations, that the burden was upon plaintiff to establish all his allegations by a preponderance of the testimony, otherwise the defendant would be entitled to a verdict, a requested instruction that there is a legal presumption in favor of the honesty of the transaction, and plaintiff must show by a preponderance of the evidence that defendant made a false representation upon which plaintiff had the right to and did rely, was properly refused; since it did no more than cast the burden upon the plaintiff to show defendant's lack of good faith, which was embodied in the instruction given.

**Instruction:** FRAUD: RELIANCE UPON. A requested instruction in an action for fraud, which leaves to the jury the determination of the question whether plaintiff had the right to rely on defendant's alleged false representations, should be refused.

**Fraud:** RELIANCE UPON REPRESENTATIONS: INSTRUCTION. An instruction that if defendant made false representations regarding the value of bank stock which he transferred to plaintiff, knowing that they were false and that if plaintiff, relying thereon, was induced to purchase without knowledge of their falsity, it was immaterial whether he made inquiries from others, or whether he might have made inquiry which would have disclosed its true value, was not misleading as suggesting that plaintiff might recover if he relied wholly upon inquiry, and was sufficient in the absence of a request for the converse of the proposition.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON. Judge.

MONDAY, FEBRUARY 17, 1908.

ACTION at law to recover damages for false and fraudulent representations made by defendant with reference to certain bank stock held by him in a sale or exchange to plain-

tiff. Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Popham & Havner,* for appellant.

*E. J. Sullivan, Wade, Dutcher & Davis,* and *Thos. Stapleton,* for appellee.

DEEMER, J.— Pursuant to negotiations between plaintiff and defendant they entered into a written contract of sale or exchange, the material parts of which read as follows:

Article of agreement by and between J. C. Baker, party of the first part, and J. M. Mathew, party of the second part. The party of the first part, in consideration of the promises and agreements hereinafter made by the party of the second part, hereby bargains and sells, transfers and conveys unto the party of the second part all of his stock of shoes and fixtures now located in what is known as the Mina Burgy store building in Marengo, Iowa. All of said stock of shoes which are good salable stock to be invoiced and taken at their actual cost to the party of the first part. The balance of said stock of shoes which are not good salable stock, to be taken at a price to be agreed upon between the parties to this contract, and if said parties cannot agree as to the price that shall be made upon the part of the stock of shoes which are not good salable stock, then said parties agree to allow A. M. Lyon to fix the price of said goods which are not good salable stock and if said parties shall disagree between themselves as to the part of said stock of goods that are good salable goods and those that are not good salable goods, then said matter shall be determined by the said A. M. Lyon, and both of said parties hereby agree to be bound as to both of said last named matters by the decision of the said A. M. Lyon. All fixtures in said store building to be taken at what they are now actually worth and if said parties to this contract cannot agree upon what said fixtures are worth, then said price shall be fixed by the said A. M. Lyon. The invoice of said stock of goods to be commenced on December 26th and completed as soon thereafter as possible, and, as soon as completed, said stock of goods and fixtures

shall be turned over to the same J. M. Mathew. In consideration of the foregoing promises on the part of the said party of the first part, the party of the second part hereby transfers, sells and sets over unto the party of the first part twenty (20) shares of stock in the Marengo Savings Bank, Iowa, ten (10) shares of stock in the Independent Mutual Telephone Company, of Shenandoah, Iowa, and ten (10) shares of stock in the Marengo Telephone Company of Marengo, Iowa, and five (5) shares of stock in the Long Distance Copper Telephone Co. whose headquarters are at Marshalltown, Iowa. Said stock to be accepted by the party of the first part at fifty-five hundred dollars ($5,500.00). The balance of the purchase price of said stock of goods to be paid as follows: One thousand ($1,000.00) dollars cash at the time the invoice of said stock of goods is completed. The balance of said purchase price to be paid by a good bankable note of the party of the second part with interest at 6 per cent. Said note to be executed by the party of the second part at the time the invoice of said stock of goods is completed and said note shall be payable one year from date of the completion of said invoice with interest at 6 per cent.

Plaintiff claims that defendant, who was the vice president and a director of the Marengo Savings Bank, falsely and fraudulently represented that the shares of stock in that bank which plaintiff was to receive in payment or exchange for his shoe stock and fixtures were worth $150 per share, whereas in truth and in fact they were not worth to exceed $50 per share; that he was induced by these representations to make the trade, and as a result thereof was damaged to the amount of $2,000. Defendant denied that he made any representations to plaintiff regarding the worth or value of the shares, admitted that they were worth but $50 per share, pleaded that plaintiff relied upon his own investigations regarding the value of the stock, and averred that in no event was plaintiff damaged because his stock of shoes was not worth to exceed fifty cents on the dollar of the invoice price. On these issues the case was tried to a jury, resulting in a general verdict for plaintiff in the sum of $2,000. The jury also found specially that defendant made the representations as

claimed, and that he knew when he made them that the stock was not worth to exceed $50 per share. Upon every material issue of fact there was a conflict in the evidence, and the questions arising upon this appeal are almost wholly of law, and these are not seriously in dispute save as to their applications to the facts.

Certain rulings on evidence are complained of, to which we shall first give attention. Plaintiff was asked upon cross-examination as to why he made inquiries of others (as he did) if he relied upon the statements made by the defendant regarding the value of the stock. This was objected to as incompetent and not cross-examination. The objection was sustained, and the ruling is complained of. The extent, subject-matter, and manner of cross-examination is a matter within the discretion of the trial court, and this discretion will not be interfered with on appeal save in exceptional instances. While the objection as made may not have been good, the court itself had the power to exclude the testimony upon any legal and tenable ground, although the objection itself might not be broad enough to suggest the real point. Other testimony disclosed the fact that plaintiff made his inquiries of other persons before he personally saw or had any negotiations with the defendant, and, of course, such outside inquiries might have been made and yet full dependence have been placed upon defendant's representations. It could not, of course, have been surmised that defendant would make any representations regarding the stock, and plaintiff, in making inquiries before seeing defendant, did not thereby indicate that he would not rely upon defendant's representations. For this reason the court might in its discretion very well have sustained the objection. The trial court instructed, as we shall see, that plaintiff must have relied upon defendant's representations, and it was a matter of argument as to whether he did or did not, in view of his previous inquiries. It was not for plaintiff to show that he relied wholly upon defendant's

1. Examination of witnesses: exclusion of evidence: discretion.

representations. He may have inquired of others and yet have done so. It is not necessary that the representations should be the sole, or even the principal, inducement to the sale or trade; for it is enough to show that he relied to some extent thereon and but for them would not have made the deal.

One Henderson, the cashier of the savings bank, was a witness for plaintiff, and testified that various matters affecting the value of the bank stock were before the board of directors of the bank. On cross-examination he 2. SAME. was asked regarding the situation of these various matters of account, and as to how the loans came to be made. This was objected to as not proper cross-examination, and the objection was sustained. Of this complaint is made. What is heretofore said regarding the matter of cross-examination applies here, and perhaps with more force than to the preceding matter for the reason that it was an easy matter for defendant to have made the cashier his own witness and elicited the matter sought to be brought out on cross-examination. Moreover, strictly speaking, the matter was not cross-examination.

One Beatty was called as a witness for defendant, and a hypothetical question was propounded to him regarding the value of the shoe stock given by plaintiff in exchange for the stock. Objection to the question was sus- 3. EVIDENCE: hypothetical tained, and of this complaint is made. The question. question embodied some matters not shown by the testimony when it was propounded, and it was not renewed after these matters were established. This was sufficient ground for excluding the answer. But in any event, no prejudice resulted, for defendant was permitted by other witnesses to show the value of the shoe stock, and this testimony was not attacked or in any manner contradicted.

Plaintiff was asked as to what reason he gave defendant for disposing of his shoe stock. This was objected to by defendant as self-serving and immaterial, but the objection was overruled. As it was a part of the very transaction in con-

troversy, there was no error in the ruling.   At any rate, the
answer given was manifestly not prejudicial.
**4. EVIDENCE:** Plaintiff said that he stated to defendant that
**prejudice.** it did not agree with his health to be in-
doors all the time, as he had to do in the shoe business.   This
was in no manner contradicted, and no claim is now made
that it was untrue.   So much for the rulings on testimony.

II.   Defendant asked the following instruction:   " It
is admitted that the defendant was an officer in the Marengo
Savings Bank, a corporation, the stock of which was trans-
**5. FALSE REP-** ferred from the defendant to the plaintiff in
**RESENTATIONS:** this action.   You are instructed that the mere
**knowledge**
**of falsity:** fact that the defendant in this action was an
**proof of same:**
**instructions.** officer in such corporation and a member of its
finance committee is not in itself sufficient to show that the de-
fendant had knowledge of the condition of said corporation or
the value of the stock of said corporation, and the defendant
in this action cannot be held liable unless you find that he had
actual knowledge, and, if you find by a preponderance of the
evidence that the defendant made the representations as
claimed by the plaintiff, the plaintiff cannot recover unless
he shows that the defendant had actual knowledge.   Knowl-
edge would not be imputed to the defendant by reason of the
fact that he held the position of director and vice president
in the Marengo Savings Bank and was a member of its
finance committee."

This was refused, and in lieu thereof the trial court gave
the following:

If you find that the defendant made such representa-
tions as to the value of said bank stock, you will next pro-
ceed to consider and determine whether or not the defendant
knew at said time that said representations were false.
Upon this question you will consider and weigh all of the
evidence introduced by both parties upon the subject as to
whether or not the defendant had knowledge of the value of
said bank stock at said time.   You will consider all of the

evidence as to the relations which defendant sustained to the bank, as vice president and director, the condition of the bank, so far as shown, the opportunities of defendant for knowing or ascertaining the condition of said bank and the value of its stocks. You will consider the evidence as to the overdrafts in said bank, and the losses sustained thereby, and whether or not the defendant knew of the same, and, if so, to what extent his knowledge thereof extended. In short, you will carefully consider and weigh all of the evidence which will throw any light upon the question as to whether or not the defendant knew the value of the bank stock at the time of said alleged representations, and if you find that the plaintiff has established by a preponderance of the evidence that the defendant knew that said bank stock was not worth $150 per share (if you find the said representation was made by defendant), then you will proceed to the further consideration of the case, but if you do not so find, your verdict will be for the defendant. In this connection you are informed that plaintiff must establish that defendant had actual knowledge of the value of said bank stock at said time, and had actual knowledge that it was not worth $150 per share at the date of said alleged representation.

Error is assigned upon the denial of the request, and the instruction given is challenged. Reliance is placed upon *Boddy v. Henry,* 113 Iowa, 462, in support of these assignments of error. The holding in that case seems to be misunderstood. It was there held erroneous for the court to say as a matter of law that an officer of a corporation would be held to know what it was his duty to know. It was not held that the opportunity to know should not be considered in determining whether or not the officer did know. Surely, in determining whether or not one does know a certain fact to be true, it is proper to consider his opportunity for knowing. True, the opportunity to know is not the equivalent of knowledge, and the trial court did not so instruct; but opportunity should unquestionably be considered in determining whether or not there was knowledge in fact. There was no error in either of the respects claimed.

III. Another instruction asked by defendant reads in

VOL. 137 IA.—27

this wise: "You are hereby instructed that if the said J.
C. Baker had equal and available means and opportunities
for information to ascertain the value of the
capital stock of the Marengo Savings Bank
transferred to the defendant to prevent in-
quiry or investigation by the plaintiff, then you must find
that the plaintiff made use of his means of knowledge before
he can recover on the ground that he was misled by the
defendant." This instruction is obscure, and probably is
misquoted in the abstract. As applicable to this case this is
not the law. Plaintiff had no such means of learning of the
value of the stock as did the defendant. Defendant, as we
have seen, was an officer of the bank and one of its managing
directors. The instruction might be proper enough in some
cases, but in this it would have been misleading and erro-
neous.

6. Same: instruc-
tion: means of
knowledge.

IV. This instruction was also asked and refused:
"You are instructed that the law presumes that all persons
transacting their business transact the same honestly and in
good faith until the contrary appears, and that
it is presumed in this action, until the con-
trary appears, that the transaction between the
plaintiff in this action and the defendant was fairly and
honestly made; and the plaintiff in this action must show by
the preponderance of the evidence that the defendant in this
action made a false and fraudulent representation upon which
he had a right to rely, and did rely, at the time that he entered
into the contract with the defendant, and unless he has so
shown your finding will be for the defendant." The trial
court did instruct several times that the burden was upon
plaintiff to establish the affirmative of all his allegations by
a preponderance of the testimony, and that if he failed the
verdict should be for the defendant. This is all that the law
requires. If plaintiff did produce that quantity of the evi-
dence, then he was entitled to the verdict, no matter if it did
convict defendant of dishonesty. In order to find for plain-

7. Instructions:
burden of
proof.

tiff, the jury had to be convinced that the transaction was as plaintiff claimed it to be by the preponderance of the testimony, and, if they so found, they necessarily determined that the transaction was not an honest one.   The instruction asked by defendant would not have aided them in the solution of this question, for the plain reason that the burden was properly placed where it belonged, and when it was made to appear that the defendant was not acting in good faith the presumption of honesty disappeared.   If there be such a presumption as is claimed, it does not stand as substantive proof, but as a shield casting the burden upon the plaintiff of estabing his claim.   There was no error here.   The instruction is not in line with the authorities cited to sustain it.   Compare it with *Schofield v. Blind,* 33 Iowa, 175, and *Bixby v. Carskaddon,* 55 Iowa, 535, and the distinction will readily be observed.   It is not contended that the instruction refused did more than cast the burden upon plaintiff of showing want of good faith upon the part of the defendant, and this was what the instructions given did.

Moreover, the instruction asked introduced a factor which should not be considered, and that is whether or not the misrepresentations were such as plaintiff had a right to rely upon.   By this instruction the matter was

8. INSTRUCTION: fraud: reliance upon.

left to the jury to determine whether or not plaintiff had a right to rely upon the representations.   This is not the law, and the instruction was properly refused for this reason, if for no other.

V.   Instruction 13½ given by the trial court and reading as follows is complained of:   " If you find in the manner required that defendant made the false representations as alleged, and that he knew the same were false

9. FRAUD: reliance upon representations: instruction.

and that plaintiff relied upon said false representations, and did not know of its falsity, and was induced thereby to accept said stock, as heretofore explained, then it makes no difference whether he made inquiry from others, or whether he could have made inquiry

from others, as to the value or condition of the stock, which would have given him knowledge of the true situation. Under said circumstances, if you so find, he was not required to make such inquiries." This is said to be erroneous for the reason, not that it was incorrect abstractly considered, but because it was inapplicable to the facts. Defendant asked no instruction with reference to the subject-matter of this paragraph of the charge, and hence is in no position to complain unless the instruction as given was misleading. There is nothing in it which suggests that plaintiff might recover if he relied wholly upon the inquiries made of others. On the contrary, he was required to show that he did in fact rely upon the statements of the defendant, and was induced thereby, and for no other reason, to make the trade. If he did, then it was immaterial what he ascertained from others. On the contrary, if he relied upon inquiries made of others and did not rely upon defendant's representations, then, under all the instructions, he was in such a position that he could not recover. There was no error in giving the instruction, and in not stating the converse, in the absence of a specific request therefor.

We have now referred to all the errors assigned which are deemed of sufficient importance to justify consideration, and; finding no prejudicial error, the judgment must be, and it is, *affirmed.*