**WESTWOOD DEVELOPMENT COMPANY, Inc. et al., Appellants,**

**v.**

**Joseph E. ESPONGE et al., Appellees.**

**No. 13698.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 11, 1961.

Rehearing Denied Feb. 8, 1961.

T. P. Hull, San Antonio, Trimble & Dobbs, I. M. Singer, City Atty., J. F. Park, Asst. City Atty., Corpus Christi, for appellants.

King, Anderson & Porter, Corpus Christi, for appellees.

BARROW, Justice.

This is a suit for damages alleged to have been suffered by plaintiffs, Joseph E. Esponge, Loye B. McMinn, E. S. Allen, T. J. Green, Buddy Beam, William G. Gill, and Kenneth M. Farley, as a result of alleged building of houses on and near a sanitary land fill or garbage pit. The suit is against Westwood Development Company, Inc., the City of Corpus Christi, O. L. Tingle and Dr. H. C. Hoisington, and the holders of liens against the respective lots of each of the plaintiffs were also made parties defendant. The case was tried to the court, and judgment rendered for the plaintiffs and interveners and against each and all of the defendants for the amounts found to be the damages to plaintiffs' respective properties. Separate amounts of damages were awarded to each of the plaintiffs and separate amounts to each of the lienholders for impairment of their securities. Westwood Development Co., Inc., City of Corpus Christi, Dr. H. C. Hoisington and O. L. Tingle have appealed. The trial court filed findings of fact and conclusions of law.

The record shows that in the year 1945 Dr. H. C. Hoisington bought a 40-acre tract of unimproved land located along the Gollihar Road in the City of Corpus Christi, taking title thereto in the name of his wife. Thereafter a sand pit was dug on the part thereof involved in this suit, and the sand taken therefrom was sold to purchasers. About the year 1949 it was decided to subdivide the land for sale as lots. A corporation was formed with Dr. Hoisington as president, his wife as secretary, and his mother-in-law as vice-president. The land was conveyed to the corporation which is called Westwood Development Company, Inc. The plat containing 194 lots was filed for record. The sand pit was located on that part of the land which when platted became Block No. 7, containing eight lots, numbered 1, 2, 3, 4, 31, 32, 33 and 34, and which block is adjacent to Gollihar Road. The sand pit was approximately 325 feet in length and 150 feet in width, and it was ir-

regular in depth, with a maximum depth of 25 feet. It was situated approximately in the center of the block and a part of each of the above numbered lots was in the pit. During the latter part of 1949, the City of Corpus Christi, with the agreement of Dr. Hoisington, used the pit for a sanitary land fill or garbage dump. A sanitary land fill is described as dumping garbage into the pit, and after each day covering the garbage with a layer of dirt. This pit was used by the City for that purpose for some three or four months.

During the years 1951, 1952 and 1953, the eight lots in Block 7 were sold to eight different purchasers with houses built on each lot. The sales were made under the following facts and circumstances. Dr. Hoisington on behalf of Westwood Development Company entered into an agreement and arrangement with appellant O. L. Tingle, a building contractor, whereby homes were to be built by Tingle on the lots in the subdivision. The cost of the construction was to be taken out of the proceeds of the sales of the houses and lots and the balance of the proceeds were to be divided between Tingle and the Company. These houses were built and sold under this arrangement. Contracts of sale were first entered into with the purchasers by Tingle, acting for the Company. Later deeds of the Company, executed by Dr. Hoisington as president, were delivered to the purchasers. Following the conveyance, each purchaser went into possession. The purchases were financed by what is known as G.I. Loans, with the liens to the above mentioned lienholders.

On September 7, 1955, a heavy rain fell in the area and those portions of the lots where the pit was receded and settled extensively. Some of appellees' homes and other improvements which were over or partly over the pit also settled, and they then, for the first time, discovered the existence of the pit and land fill. On September 22, 1955, appellees filed their suit, except that appellee Buddy Beam did not join in the suit until the fourth amended petition which was filed April 2, 1957. In their original suit appellees sought damages for personal injuries to themselves as well as the members of their respective families on account of alleged noxious fumes, odors and gases escaping through the dirt and into their homes, as well as damages to their real estate. However, before the trial, by their fifth amendment, they abandoned any alleged cause of action by reason of such personal injuries, and the case was tried alone on the issues of permanent damage to the land and improvements.

The appellees' alleged causes of action against the City of Corpus Christi were based on the theory that the City created a nuisance per se by making said sanitary land fill within two hundred feet of Gollihar Road, in violation of art. 696a, Vernon's Ann.Penal Code, and created a nuisance in fact; and that the City was negligent in making said sanitary land fill, and guilty of breach of warranty. Their alleged causes of action against Dr. Hoisington, Westwood Development Company, Inc., and Tingle are based on the theory of nuisance per se and in fact, of negligence in the erection of said houses without solid foundation upon land that is over the pit, and breach of implied warranty; and that appellants were guilty of fraud under the provisions of art. 4004, Vernon's Ann.Civ. Stats., in concealing from and not revealing to the purchasers of the lots the true condition of the land sold to them. The trial court in the judgment dismissed the suit of J. R. Lippel, purchaser of one of the lots, without prejudice. No appeal was taken therefrom, and that suit goes out of the case.

All of the appellants have filed separate briefs, except Dr. Hoisington and Westwood Development Company, who are represented by the same attorneys have filed a joint brief. Different facts and different law questions were presented by each of the appellants, therefore, we shall consider them separately.

The appellant City of Corpus Christi predicates its appeal upon some twenty-eight points, but in view of the disposition of the case it is not deemed necessary to pass upon all these points. It is apparent that any liability of the City of Corpus Christi must be based on the theory of the creation of a nuisance in fact or per se in making the sanitary land fill. The language of art. 696a, supra, is clear that the dumping of garbage within three hundred feet of a highway has reference only to the injurious effect upon the health, welfare and comfort of the people in the vicinity, and not to the effect upon the land used. This is known as a public nuisance; a private nuisance has been defined as anything done to the annoyance of the lands, tenants, or hereditaments of another. Burditt v. Swenson, 17 Tex. 489; 31 Tex.Jur. 414, Nuisances, § 5. We are of the opinion that plaintiffs' case, as made by the pleadings and the evidence, insofar as the theory of nuisance in fact is concerned, presents a case of private nuisance for which the owners of the land and they alone may recover.

We are of the opinion that the City is not liable to appellees under any of the theories of recovery alleged by them. Appellees cannot recover upon the nuisance theory because the undisputed evidence shows that the City made the sanitary land fill long prior to the building of the houses and sale of the property. At the time it did so it had the approval and consent of the landowner. Long prior to any building or sales it had turned the property over to the owner and had no control over the land. The acts did not create a private nuisance to the land. The City cannot be liable on the theory of negligence, for the reason that in making the sanitary land fill, the undisputed evidence shows that it did so in the manner approved by both the State and national health authorities, and there is no evidence in this record impeaching the standard set by the code. Moreover, the City cannot be liable on either theory because the City could not be required to foresee and anticipate that the owner of the land would build houses over the land fill without making the foundations secure. Therefore, there is no causal connection between the City's acts and the appellees' damages. The City cannot be liable on the theory of fraud, for the reason that it had nothing to do with the construction of the houses or with the sale thereof to appellees, and made no representations. Therefore, the court should have rendered judgment in favor of the City.

Coming next to the case against appellants Dr. Hoisington and Westwood Development Company, Inc., by his first point Dr. Hoisington contends that the court erred in rendering judgment against him personally, for the reason that his only connection with the entire transaction was in his official capacity as president of the corporation, and that all transactions were carried on and consummated by the corporation. We overrule that contention. The evidence shows that the property composing the assets of the corporation was the community property of Dr. Hoisington (and wife); that all the stockholders and officers of the corporation were members of his family. To detail all the evidence would only serve to lengthen this opinion, but the undisputed evidence shows that at all times Dr. Hoisington treated the corporation as his alter ego.

The judgment must be reversed and the cause remanded as to appellants Dr. H. C. Hoisington, Westwood Development Company, Inc., and O. L. Tingle, for the reason that it is based upon an improper measure of damages both in the proof and findings of the court. In proving the damages to their respective properties, appellees proved the market value of the property on the date it was conveyed to them and the market value of the property after discovery of the existence of the pit, on September 7th, 1955, and at the time of the trial. However, the evidence showed the same value on the date of trial as at the time of the discovery of the existence of the pit. The trial court's findings followed the evi-

dence and found the damages in each instance to be the difference in the value at the time of sale and the value on September 7, 1955. It is well settled that ordinarily the measure of damages for permanent and irreparable injury to real estate, where its value has not been totally destroyed, is the difference between the actual cash or market value immediately preceding the injury and such value immediately thereafter. 13 Tex.Jur. 160, 161, Damages, § 73. That would be the proper measure of damages for negligent injury. It would also be the proper measure for permanent injury by reason of nuisance. 31 Tex.Jur. 466, Nuisances, § 42. The measure of damages for the fraudulent sale of land as provided by Article 4004, Vernon's Ann.Civ.Stats., is plainly stated in the article:

"All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented * * * and the actual value of the property in the condition it is delivered at the time of the contract."

To paraphrase the rule, it is the value of the property as it should have been, less its value as it actually was on the date of the sale and delivery thereof. El Paso Development Company v. Ravel, Tex.Civ.App., 339 S.W.2d 360; McDonnell-Perkins Builders, Inc. v. Cranford, Tex.Civ.App., 328 S.W.2d 800.

■ In view of another trial, we think it well to note that independently of the remedy provided by art. 4004, supra, an action for breach of an alleged implied warranty of the fitness and suitability of real estate conveyed for the purpose intended does not lie unless expressed in the deed of conveyance. Art. 1297, Vernon's Ann.Civ. Stats.

■ Appellees contend that inasmuch as the damages to the properties have continued, are continuing and will continue hereafter, the case comes within the rule of continuing damages, and that it is proper to base the value of the property after the injury by finding its value at the time of the trial. We agree with that contention insofar as it relates to damages by reason of negligent injury or injury by reason of nuisance, but it is not the proper measure of damages by reason of fraudulent sale under art. 4004, supra. However, we think in considering the issue of fraud under art. 4004, supra, that evidence of the condition of the property at the time of the trial is admissible on the issue of its actual value at the time of sale and delivery to the purchaser.

■ The appellants Hoisington, Westwood Development Company and O. L. Tingle, each contend that the causes of action of each of appellees are barred by the two-year statute of limitations. We overrule that contention. There was evidence in the record to support the finding that none of appellees discovered the existence of the pit or sanitary land fill until after September 7, 1955, and that they would not by the use of diligence have discovered it.

■ Appellant O. L. Tingle contends that he is not liable to appellees because the pleadings and the evidence show that he acted as agent and servant of his principal, Westwood Development Company. We sustain that contention insofar as it is attempted to hold him under the theory of negligence or nuisance, but we overrule the contention insofar as appellees seek recovery on the theory of fraud. Art. 4004, supra, expressly provides that "All persons making the false representations or promises and all persons deriving the benefit of said fraud, shall be jointly and severally liable in actual damages, * * *." The evidence shows that O. L. Tingle personally made the sale to each of the appellees except Kenneth Farley, and that at the time he had knowledge of the existence of the land fill; that he concealed the fact from the purchasers; that he constructed

the houses, and derived benefits from the sale of the properties.

Appellees concede that the judgment in favor of Kenneth Farley, insofar as it is against appellant O. L. Tingle, should be reversed and rendered that Farley take nothing as against O. L. Tingle.

The judgment in favor of each of the appellees against appellant City of Corpus Christi is reversed and here rendered that appellees, and each of them, take nothing against said appellant. The judgment in favor of appellee Kenneth Farley against appellant O. L. Tingle is reversed and here rendered that Farley take nothing against said appellant. Otherwise the judgment in favor of each of the appellees and against appellants Westwood Development Company, Inc., Dr. H. C. Hoisington, and O. L. Tingle, is reversed and the cause remanded.