JOSEPH FREDERICK HORNE AND WIFE, DIXIE SMITH HORNE v.
C. A. CLONINGER, JR.

(Filed 13 December, 1961.)

**1. Fraud § 12—**

Where the sale of property is tainted with fraud, the purchaser has his election to rescind the sale or keep the property and recover the difference between its actual value at the time of the purchase and its value as represented.

**2. Vendor and Purchaser § 5;   Cancellation and Rescission of Instruments § 5—**

Where the vendor of a house and lot fraudulently fails to disclose that the dwelling was constructed over a ditch filled with refuse and trash, which had been grassed over and landscaped so as to conceal its condition, and as a result thereof the foundation settles and gives way, the purchasers, electing to sue for damages, are entitled to recover the difference in the actual value of the property at the time of the sale and the value of the house and lot had it been as impliedly represented, and the cost of repairs, either at the time of discovery or at the time of the trial, is not the test of actual damage.

APPEAL by defendant from *Pless, J.*, January 1961 Term, CATAWBA Superior Court.

The plaintiffs instituted this civil action to recover $7,100 actual, and $10,000 punitive damages on account of the defendant's alleged fraudulent concealment and failure to disclose the fact that a dwelling

house built by the defendant and sold to the plaintiffs had been constructed over a ditch filled with refuse, trash, and dirt, and grassed over and landscaped in such manner as to conceal from view and not discernible by inspection, the insecure foundation which settled and caused parts of it to give way.

The defendant denied any fraud or concealment. He alleged the plaintiffs had lived in the house as his tenants for ten months prior to the sale and that they had full knowledge of the construction; that they knew a crack had developed in the foundation; that the defendant reduced the asking price for the house and lot from $16,500 to $15,000 because of the defect.

The parties offered evidence tending to support their respective contentions. At the close of the evidence the court overruled the defendant's motion for nonsuit, holding that the evidence was sufficient to go to the jury on the issues of fraud and damages but insufficient to raise an issue of punitive damages. The jury answered the issue of fraud against the defendant and fixed the actual damages at $7,000. The presiding judge reduced the recovery to $6,000. From the judgment thereon, the defendant appealed.

*Corne and Warlick, By Thomas W. Warlick for plaintiffs, appellees.*
*Richard A. Williams for defendant appellant.*

HIGGINS, J.   The court correctly held the evidence sufficient to go to the jury on the issues of fraud and damages (*Brooks v. Ervin Construction Co.*, 253 N.C. 214, 116 S.E. 2d 454) but insufficient on punitive damages (*Swinton v. Realty Co.*, 236 N.C. 723, 73 S.E. 2d 785). The charge on the issue of fraud was correct and in accord with the established authorities. With respect to damages, however, the court fell into error — induced in part, at least — by the emphasis the parties placed on the cost of moving the house from the sinking to a solid foundation.

On the issue of damages, the court charged: "That is, if you should find that they (plaintiffs) have used ordinary and reasonable diligence in attempting to see what this situation was . . . and find that it would now cost somewhere in the neighborhood of the amount asked for to fix it, then they would be entitled to recover that amount or some amount in that general vicinity . . . The result is . . . that you can return as your answer to this second issue, if you come to it, such amount from $1.00 on up to the amount sued for, $7,100, or any figure in between that you find represents the cost of repairing the property at a time when it was discovered by the plaintiffs, or in the exercise of

ordinary and reasonable diligence it should have been discovered by them."

The courts have been careful to define the rights of parties to a fraudulent transaction. The purchaser has the right at his election to rescind or to keep the property and recover the difference between its actual value and its value as represented. *Hutchins v. Davis*, 230 N.C. 67, 52 S.E. 2d 210. "The great weight of authority sustains the general rule that a person acquiring property by virtue of a commercial transaction, who has been defrauded by false representations . . . may recover as damages in a tort action the difference between the actual value of the property at the time of making the contract and the value that it would have possessed if the representation had been true." 24 Am. Jur., Fraud and Deceit, § 227, p. 55. To like effect, *Hutchins v. Davis, surpra; Morrison v. Hartley*, 178 N.C. 618, 101 S.E. 375; *Lunn v. Shermer*, 93 N.C. 164; *Small v. Pool*, 30 N.C. 47.

The rights of the parties are determined as of the date of the transaction. The statute of limitations on plaintiffs' cause of action, however, begins to run from the time the fraud was discovered, or should have been discovered. *Solon Lodge v. Ionic Lodge*, 247 N.C. 310, 101 S.E. 2d 8.

The jury, having established the fraud, should have awarded as damages the difference between the actual value and the value if the house and lot had been as represented. Cost of repairs, either at discovery or at the time of the trial, is not the test of actual damages. For the error indicated, the judgment and verdict are set aside and the defendant is awarded a

New trial.