368 P.2d 434

Eugene PAFFILE and Charlotte I. Paffile, Plaintiffs-Appellants,

v.

Margaret E. SHERMAN, Defendant-Respondent.

No. 8976.

Supreme Court of Idaho.

Jan. 22, 1962.

64

D. K. Worden, Jr., J. H. Bengston, Lewiston, for appellant.

Clements & Clements, Lewiston, for respondent.

KNUDSON, Justice.

Under date of January 7, 1957, the parties to this action entered into a written contract whereby respondent agreed to sell and appellants agreed to purchase a parcel of land situate in Lewiston, Idaho, for the principal sum of $28,000.00. Upon said land .was situate a recently constructed dwelling which constituted the primary consideration for the contract. Upon executing the contract appellants took possession and paid $2000.00 of the purchase price. Thereafter appellants paid an additional sum of $3125.-00 under the contract.

Construction of the dwelling was commenced about August, 1955. During the course of construction, in January, 1956, the structure was damaged as a result of some settling of the foundation, principally the north wall. Said damage was repaired and construction was completed about April, 1956.

Appellants testified that there was some settling of the foundation during the spring of 1957 and the evidence is undisputed that on July 3, 1958, a part of the wall settled approximately four inches. It became necessary to repair the damage occasioned by the settling of the foundation and the parties disagreed as to who should pay the cost of such repair, which amounted to $1600.00. Respondent contended that such cost should be borne by appellants and added to the principal payable under the original contract. Appellants refused to assume such obligation and on August 10, 1958, vacated the premises.

On September 3, 1958, respondent's attorney mailed written notice to appellants, stating that they were in default under the terms of the contract and further notified appellants that if they wished to reinstate

the contract it would be necessary, among other things, for them to "immediately execute the supplemental agreement to add the $1600.00 repair bill to the balance due on the contract". Appellants made no effort to pay the delinquent installments or taxes and refused to execute the supplemental agreement.

On December 9, 1958, appellants' attorney wrote respondent a letter notifying respondent that appellants rescind the contract of purchase upon the grounds that appellants' execution thereof was secured through misrepresentation as to the physical condition of said premises and also failure of consideration. By said letter demand was made for return of all money paid by appellants under the contract, together with the sum of $1212.92 expended by appellants in the improvement of the premises involved. Appellants thereby notified respondent that they would surrender possession of the premises on December 12, 1958, and agreed to tender a deed quitclaiming any interest of said appellants in said premises upon receipt of the money requested.

On January 15, 1959, appellants filed this action seeking rescission of the contract, recovery of the monies expended, together with exemplary damages in the amount of $2000.00. The trial court, sitting without a jury, found in favor of respondent and entered judgment accordingly, from which this appeal is taken.

There is no allegation or proof that appellants were misled or deceived as a result of any statement made by, or any conversation or discussion engaged in, by respondent. The principal allegations of appellants' complaint alleging grounds for rescission of the contract are as follows:

"That unknown to plaintiffs, the dwelling house had previously been erected by defendant upon loose earth, commonly called 'fill ground' and that said fill ground was not suitable upon which to construct a dwelling house of the kind constructed by defendant; that defendant knew at the time she undertook construction of said dwelling house that said fill ground was entirely unsuitable for the construction of a dwelling in the manner undertaken; that plaintiffs were unaware of the true condition of the premises at the time of the execution of the above referred to agreement, and would not have entered into said agreement had they been aware of such facts; that defendant was aware of such facts and the true condition of the premises, but concealed and suppressed such facts from plaintiffs for the purpose of inducing plaintiffs to enter into such agreement."

Two of the essential elements to appellants' cause of action which they must establish are (1) that the dwelling involved had been erected upon loose earth commonly

known as "fill ground" which was not suitable for such construction and (2) that such fact was known to respondent and she fraudulently concealed and suppressed such fact from appellants. Regarding these issues the trial court found:

"That there is no evidence that the house was not properly built from the standpoint of plans and specifications or construction procedures. That following the acquisition of the property in 1946, Defendant, herself, did not engage in any filling operations regarding this particular building site and had no knowledge of any filling operations that might have occurred prior to the time of her acquisition of the property in 1946. That Defendant was unaware of any facts which would render the building site or the house constructed thereon unsuitable, and therefore did not and could not conceal and suppress such facts from Plaintiffs for the purpose of inducing Plaintiffs to enter into the contract of purchase. That though a portion of the property may have been, at some time previous to Defendant's acquisition thereof, filled ground, the building site itself was suitable for the construction of the dwelling erected thereon."

Appellants strenuousy challenge such finding and call attention to and quote several portions of the record which support their contention. However, a thorough examination of the record shows that the evidence is substantial, though conflicting, on these issues in support of the court's finding.

Respondent owned the subject property for approximately ten years prior to its sale to appellants and respondent specifically denied that any fill earth was placed upon the area occupied by the dwelling in controversy during her ownership.

The evidence is convincing that a ravine or gully formerly existed within the area of the property involved and that fill earth has at times during the previous 25 or 30 years been put into it. Respondent, together with a number of other witnesses, testified to the existence of such a ravine but there is substantial variance in the testimony of such witnesses as to its exact location. One witness stated that the ravine existed immediately under the north wall of the subject building, while another identified it as being 50 ft. north of the property involved. Respondent testified that the ravine into which fill earth had been placed in that area is situate upon property owned by her immediately adjacent on the north of the subject parcel. Respondent is, to some extent, corroborated by the testimony of a resident who has lived just across the street from the ravine area for approximately 30 years. Likewise, there is considerable variance in the evidence regarding the location of a storm sewer which may or may not have

played some part in the settling of the building complained of.

On the question of respondent's knowledge of the unsuitability of the building site, there is evidence which would support a conclusion that she had some knowledge of fill earth having been placed in that site, but it is doubtful if the record would support a finding that she knew the site would be unsuitable for the purposes used. Respondent denied any such knowledge and the logic that she undertook the construction upon said site, of a dwelling costing $20,-000.00 for which she had no prospective purchaser at the time of construction is convincing that she did not know or believe the construction site to be defective.

Appellants point to the excessive settling of a portion of the dwelling as convincing evidence that it is constructed upon filled ground. The trial court was not so convinced and found that the settling and damage to the dwelling could have been caused by water. Here again reasonable minds may differ as to the cause of such damage.

There is substantial evidence tending to prove that excess water in and around the foundation and footings of the building was a substantial contributing, if not proximate, cause of the damage. On one occasion during January, 1956, when the building was approximately one-half completed, a large amount of water created by rapidly melted snow became channeled from the adjacent street along an unfilled sewer line trench to the house foundation. Immediately thereafter a portion of the foundation settled several inches. Approximately two and a half years later (July 3, 1958) a cloudburst caused water to overflow the storm drains in said street and a large quantity of water was again channeled along the foundation of the northwest corner of the house following which a portion of the foundation settled several inches. A witness called by appellants who was building inspector for the City of Lewiston during 1956, testified that he inspected the premises here involved shortly after it had been overflowed by water during January, 1956, as hereinbefore mentioned, and when asked for his opinion as to whether the water was a contributing factor or proximate cause of the damage, he stated that "water could be the contributing factor, yes."

■ Reference to all the evidence which may be considered as sustaining the court's conclusion would unduly extend this opinion; however, the record shows that substantial and convincing evidence was introduced on the issues supporting the court's findings. The rule that where the findings made by the trier of facts are supported by substantial, competent, although conflicting, evidence, such findings will not be disturbed on appeal is applicable in fraud cases. Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345;

Lanning v. Sprague, 71 Idaho 138, 227 P.2d 347; Summers v. Martin, 77 Idaho 469, 295 P.2d 265.

Appellants have cited and discussed a number of cases, among which are Clauser v. Taylor, 44 Cal.App.2d 453, 112 P.2d 661; Cohen v. Vivian et al., 141 Colo. 443, 349 P.2d 366, 80 A.L.R.2d 1448. We are not in disagreement with the contention that said cases are in point as concerns appellants' claimed right to rescind as is here involved. However, it should be made clear that an allegation claiming a latent defect in the soil is not established merely by proving that the soil was "fill ground". Its unfitness must be established. This case was commenced and tried upon the theory that a latent soil defect existed in the subject property which was known to respondent at the time of the sale. No contention is made that any warranty existed as to the fitness, condition, or quality of the premises involved.

■ Appellants complain of the court's action in sustaining objection to their offered testimony in rebuttal to respondent's testimony regarding the time when a crack appeared between the garage slab and the foundation. There is merit to this contention. Respondent testified that the crack did not appear prior to the time appellants had installed and were using a lawn sprinkler system. Appellants should have been permitted to counter such testimony. However, we do not consider the offered testimony to be so material to the principal issues involved as to regard the ruling as reversible error.

Appellants have challenged the correctness of other findings made by the trial court, however, it is our view that the record discloses sufficient evidence to justify the conclusions reached regarding the facts involved.

■ The court found and decreed that the subject contract is terminated, canceled, voided and held to be of no further force or effect at law or in equity; that appellants have no right, title, interest, estate, claim or demand of any kind in and to the subject property. Although such relief was not prayed for under respondent's pleadings it is in keeping with the rule that the court will grant all proper relief consistent with the case made and embraced within the issues, whether the particular relief be prayed for or not. Anderson v. Whipple, 71 Idaho 112, 227 P.2d 351.

■ However, since the court found the contract has been terminated, we are of the view that in order for substantial justice to be done, the court should also determine whether the damages stipulated under the contract bear a reasonable relation to the damages which the parties could have anticipated as resulting from the breach which occurred. Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020; Melton v.

Amar, 83 Idaho 99, 358 P.2d 855; Williamson v. Smith, 74 Idaho 79, 256 P.2d 784; Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345.

Evidence was received regarding the amount appellants have paid under the contract ($5,125.00) and there is also some evidence that appellants expended an additional $1212.92 in making permanent improvements upon the premises involved.

The contract so declared terminated provides that in case the vendees (appellants) fail to make payment of the principal and interest "said Vendees shall deliver up immediate possession of said premises and all payments that may have been made hereunder, and all improvements that may have been placed on said premises shall be retained by and belong to said Vendor as the accrued and reasonable rent of said premises from date of this contract to the time of such forfeiture and as liquidated damages to said Vendor for the said Vendees' failure to complete this contract;".

The judgment appealed from is modified to the extent that the cause is remanded with direction to the trial court to determine the amount of damages respondent has sustained as a result of appellants' breach of the contract. The court is authorized to receive and consider such additional evidence as may be properly offered to aid the court in arriving at such determination. If the court finds that the amount of the payments and the increase in value of the property re-sulting from improvements made by appellants, if any, being retained by respondent as damages as provided for under the contract are unconscionable in relation to the actual damage occasioned by appellants' breach, then the court is directed to enter judgment in favor of appellants against respondent for any excess. If the court finds that said contract provision as applied to the fact is not unconscionable, then the judgment as entered is affirmed. No costs allowed.

SMITH, C. J., and TAYLOR, McQUADE and McFADDEN, JJ., concur.