162 So.2d 798 (1964)
Peter GABRIEL
v.
Clemile JEANSONNE.
No. 1399.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1964.
Charles E. Cabibi, New Orleans, for plaintiff-appellant.
Reed, Reed & Reed, James M. Lockhart, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, HALL and TURNER, JJ.
HENRY F. TURNER, Judge pro tem.
On December 19, 1961, the plaintiff purchased from the defendant a piece of property located in New Orleans at the corner of Felicity and Camp Streets with the improvements thereon for a total purchase price of $17,000.00. Leading up to the *799 negotiations for this sale, the defendant pointed out certain defects in the roof of the building on the property, but none other. He told the plaintiff that the insurance company would repair the roof and make it satisfactory and usable. He mentioned no other vices or defects in the property at that time.
Shortly after the plaintiff took over the property, he discovered that there were a number of hidden defects which had been made known to the defendant by the Division of Housing Improvements of the City of New Orleans with the demand upon defendant to rectify same. These defects, which were not readily apparent on a simple inspection, consisted of defective piers under the porch, electrical defects and deficiencies, the correction of ceiling joists, correction of plumbing, stopped up traps and fittings, and other defects. The plaintiff brought this suit in quanti minoris asking for a reduction in the purchase price in the amount of $1,210.00, which he claims was necessitated as emergency repairs before the City of New Orleans would permit him to use the property. The defendant answered plaintiff's petition stating he made no representation whatsoever to plaintiff and that plaintiff viewed the premises on several occasions and was informed by the tenants living on the premises that the premises were in a terrible condition. The house was forty to fifty years old.
Unquestionably, the defects complained of were of a hidden nature and could not be discovered on simple inspection of the property. The defendant had full knowledge of the defects and failed to disclose them to plaintiff. In our opinion, this amounts to fraud on his part. The defects complained of were not such that could be discovered by a simple inspection, other than the leaky and defective roof. As to this item, however, the defendant's counsel in oral argument admitted that the defendant should pay that much as he had anticipated that the insurance would take care of it and so informed the plaintiff.
On trial of the case, the Judge found the case properly to be one for quanti minoris and allowed two of the five items itemized, which amounted to $410.50, and gave judgment accordingly. This suit falls within the provisions of the LSA-C.C. arts. 2476, 2520, 2521, 2530 and 2541, which deal with redhibition and provide substantially as follows:
"The warranty respecting the seller has two objects; the first is the buyer's peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibitory vices."
Redhibition as defined by LSA-C.C. art. 2520:
"* * * is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
Article 2541 states:
"Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price."
Under Article 2521:
"Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices."
The buyer who instituted the redhibitory action must prove that vices existed before the sale, and with its appearance within three days immediately following the sale, it is presumed to have existed before the sale. The landmark case under these articles having to do with buildings is the case of De Armas v. Gray, 10 La. 575. *800 Although that case is more than one hundred years old, it is still the law and has been followed in the few cases on the subject since that time. The leading cases on the subject are Tuminello v. Mawby, 220 La. 733, 57 So.2d 666; Morehouse Ice Co. v. Tooke & Reynolds, La.App., 154 So. 402; McEachern v. Plauche Lumber & Construction Co., 220 La. 696, 57 So.2d 405; Bozeman v. McDonald, La.App., 40 So.2d 517; Mattes v. Heintz, La.App., 69 So.2d 924; Di Pietro v. Le Blanc, 68 So.2d 156. The last case cited, the Di Pietro case, succinctly states as follows:
"The plaintiff in this case, when he purchased the house, was entitled to have the roof on that house free from defects, and if he did not receive from the defendant that kind of roof, he was entitled to have it repaired and collect the expense of the repairs from the defendant. The element of time between the date of the construction of the house and the sale by the defendant to the plaintiff has nothing to do with the right of the plaintiff to recover. All that is required of the plaintiff is that the suit be brought within one year after he discovers the defect, and that it would not have been discovered by simple inspection, and that he would not have purchased the property, had he known of the defect."
Citing a number of cases including some of those cited above.
That brings us to the question of damages. The plaintiff appealed because the District Court declined to award damages for three of the items claimed. The defendant answered the appeal and asked that the two items allowed be disallowed along with the other three. However, as we have stated, he abandoned the request to eliminate the amount of $213.00 for repairing the roof. He alleges error of the Trial Judge in that he permitted the plaintiff to testify as to the cost of the repairs and offer receipts of bills from the journeymen who made the repairs as the only evidence in the case. The Trial Judge permitted the receipts and estimates to be filed with a ruling that they would go to the effect.
The Trial Judge was satisfied from all of the evidence that the two items allowed had been sustained by the proof and apparently the three disallowed were not sustained by the proof, and from that finding we find no manifest error. The judgment of the District Court is, therefore, affirmed. Costs of appeal are to be borne in equal proportion by appellant and appellee.
Affirmed.