HOMER D. LOGHRY et ux., appellees, v. THOMAS H. CAPEL et ux., appellants.

No. 51500.

(Reported in 132 N.W.2d 417)

286

JANUARY 12, 1965.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellants.

Richard C. Turner, of Council Bluffs, for appellees.

THORNTON, J.—Plaintiffs, purchasers of a duplex from defendants, bring this action for fraud in failing to disclose the duplex was constructed on improperly compacted filled ground.

Plaintiffs are husband and wife, ages 32 and 26. Defendants are husband and wife, the husband's age is 41. The husbands are the principal actors.

The jury returned a verdict for plaintiff for the amount of repairs and incidental expenses due to the settling and cracking of the duplex claimed to be caused by the defective fill.

Defendant appeals urging the evidence is insufficient to prove representation, knowledge, scienter, intent to deceive, reliance and consequent damage. Defendant in his argument bearing on representation reaches the question of whether a latent soil defect, known to the seller of a house built on such soil, creates a duty of disclosure in the seller. That such is the seller's duty has been held or recognized in Cohen v. Vivian, 141 Colo. 443, 349 P.2d 366, 80 A. L. R.2d 1448; cases from California, Colorado, Nebraska and North Carolina, annotation starting at page 1453 of 80 A. L. R.2d; Ramel v. Chasebrook Construction Co., Fla. App., 135 So.2d 876; Paffile v. Sherman, 84 Idaho 63, 368 P.2d 434; Horne v. Cloninger, 256 N. C. 102, 123 S.E.2d 112; and Westwood Development Co. v. Esponge, Tex. Civ. App., 342 S.W.2d 623. See also Carpenter v. Donohoe, Colo., 388 P.2d 399; Gamel v. Lewis, Mo. App., 373 S.W.2d 184; Whiten v. Orr Construction Co., 109 Ga. App. 267, 136 S.E.2d 136; Nichoalds v. McGlothlin, 330 F.2d 454 (1964); and Gabriel v. Jeansonne, La. App., 162 So.2d 798. A contrary view is expressed in Polson v. Martin, 228 Md. 343, 180 A.2d 295, particularly where the purchaser has equal opportunity to know of the soil defect by ordinary inspection.

Defendant purchased Lot 4, in Vergamini's Second Addition to Council Bluffs, Pottawattamie County, Iowa, which he later sold to plaintiff, from the developer in early 1958. Defendant built the duplex on Lot 4 in July of 1958. Defendant rented both sides of the duplex for a year and seven months before selling it to plaintiff in January of 1960. This sale was made

through a real-estate broker. Plaintiff and defendant did not meet at that time. Plaintiff did not know defendant was the builder of the duplex for about two years after the sale. Plaintiff rented both sides of the duplex until he moved into one side in July 1962.

The cracking in the basement and walls of the duplex was first called to plaintiff's attention in 1961. In 1961 plaintiff called defendant relative to this condition. Later defendant employed an engineer from the Omaha Testing Laboratories to make soil tests. From the engineer's testimony the jury could properly find the lot was defectively filled to a depth of from 12 to 13 feet below the surface level and five to six feet below the footings and that the cracked condition of the duplex was due to such defective fill. From the testimony of the contractor who repaired the damage the jury could also properly find the duplex was placed on defectively filled ground, that the fill was approximately 17 feet below the outside grade, and such defective fill was the cause of the damage.

I. Defendant's contention relative to representation is that there is no evidence defendant made any representation in the nature of a nondisclosure in order to induce plaintiff to enter into the sale and no evidence of any mistake on the part of plaintiff induced by defendant's nondisclosure. Defendant cites Restatement of the Law of Contracts, section 471:

"'Fraud' in the Restatement of this Subject unless accompanied by qualifying words, means * * * (b) concealment, or (c) nondisclosure where it is not privileged, by any person intending or expecting thereby to cause a mistake by another to exist or to continue, in order to induce the latter to enter into or refrain from entering into a transaction; * * *."

And section 500, Restatement of the Law of Contracts, "* * * mistake means a state of mind that is not in accord with the facts."

Defendant's contention is the record shows plaintiff had no state of mind concerning the subsoil. Plaintiff made no inquiry about the subsoil. He did examine the house briefly on two occasions. He dealt solely with the realtor. The offer signed by plaintiff stated he had not examined the property and accepted

the same in its present condition and stated upon acceptance he would like to look at said property.

Also defendant contends there is a distinction between this case and those where there is an affirmative duty to disclose by reason of a confidential or fiduciary relationship or a relationship of principal and agent.

The latter argument denies the existence of the rule of law expressed in the cases first above cited. The rule of law there expressed is simply one who sells real estate knowing of a soil defect, patent to him, latent to the purchaser, is required to disclose such defect. It is evident such defect is material to the sale and will substantially affect the structure on the land or to be constructed on the land. The doctrine is sound and we adopt it. We have long recognized that fraud may consist of concealment of a material fact. Mansfield v. Watson, 2 (Clarke) Iowa 111, 114; Lumpkin v. Snook, 63 Iowa 515, 518, 19 N.W. 333; and Popejoy v. Eastburn, 241 Iowa 747, 758, 759, 41 N.W.2d 764, and citations. See also Bean v. Bickley, 187 Iowa 689, 706–709, 174 N.W. 675.

The former argument that the evidence shows plaintiff had no state of mind relative to the subsoil fails to consider plaintiff wife did testify directly to her state of mind. She said, "I did not think it was filled ground." Both plaintiffs testified they would not have purchased the duplex if they knew it was on filled ground. The circumstances of the general appearance of the lot would also show plaintiffs were in no way alerted to the soil defect. They had a right under the rule here expressed to rely on such appearance until advised to the contrary. The jury could properly find that by his nondisclosure defendant caused plaintiffs to believe the soil was as it appeared to be on the surface, and plaintiffs' state of mind was not in accord with the fact.

Defendant does not contend he did in fact disclose the condition of the soil to plaintiff.

II. In this action prior knowledge of the defective soil condition is evidence of scienter and intent to deceive. See 37 C. J. S., Fraud, section 19; 36 Iowa Law Review 648; Davis v. Central Land Co., 162 Iowa 269, 143 N.W. 1073, 49 L. R. A.,

N. S., 1219; Tott v. Duggan, 199 Iowa 238, 200 N.W. 411; and cases first above cited. It is necessary to consider the evidence bearing on defendant's knowledge to determine whether a jury question was raised in this respect. We must give plaintiff's evidence the most favorable construction it will reasonably bear. See rule 344(f)2, Rules of Civil Procedure.

The evidence shows defendant husband was 41 years old and a contractor off and on for 16 years. He became a full-time contractor in 1958 or 1959. Previously he was a schoolteacher. He had a Master's Degree in public school administration. He was born and reared in a construction family. He averaged building 40 houses or apartments a year. He had lived in Council Bluffs all his life. At the time he purchased Lot 4 he also bought three adjoining lots, 2, 3 and 5. He purchased them from the developer. At that time the addition and area were in a state of development. Lot 4 and the other three lots were raw dirt at the time. From the testimony of the developer it was obvious the lots had been filled. The developer testified there were six to eight feet of fill on Lot 4. Defendant built on all four lots at the same time, all buildings were started within two weeks. Defendant sublet all the work, he furnished the material. In constructing the duplex on Lot 2 the subcontractor put in deeper pilings or postholes. The reason given by the subcontractor was the storm sewer drain through that lot. As to why he augered down if he did not know the sewer pipe was there, he answered, "That's a good question." He knew there was fill in Lot 4. Defendant testified he knew "There was some fill" and that he knew this, "By the grading on the lots. You know he pulled some dirt in there." The defendant paid one half of the bill of the testing engineer. From the testimony of the testing engineer and the repairing contractor the jury could properly find the lot was filled from 12 to 17 feet below the lawn level, five to ten feet below the footings. This is direct evidence of the depth of the fill. Defendant admitted he knew there was some fill. The knowledge of defendant of the defective condition of the ground, i.e., of such fill as would be a hazard to the duplex, must be found in the circumstantial evidence set out above. Knowledge, of course, may be proved by circumstantial evidence.

Rule 65, Wigmore's Code of Evidence, page 96, is:

 "General Principle. A person's knowledge, belief, or consciousness of a matter may be evidenced circumstantially (a) by external circumstances likely to produce such a state of mind; * * *."

Rule 66, Wigmore's Code of Evidence, page 96, is:

"General Principle. Any external circumstance, the occurrence of which is likely to have produced in a person a knowledge, belief, or consciousness of a relevant matter, is admissible, subject to any specific qualifications in the ensuing rules.

"Such circumstances may be classified, in their nature of operation, as follows:

"(a) *Direct exposure* of the matter to the person's sense of sight, hearing, or the like; * * *

"(c) *Reputation* of the matter in the community;

"(d) *Intrinsic nature* of the matter, as likely to operate in one or more of the foregoing modes."

One of the external circumstances is the opportunity to know and such is properly considered in determining knowledge of a fact. Baker v. Mathew, 137 Iowa 410, 417, 115 N.W. 15.

The evidence set out above shows defendant's opportunity to know the full extent of the fill. And though defendant denies such knowledge he does not in so many words deny the opportunity to know.

The question is, is the evidence sufficient for the jury to find defendant's knowledge is reasonably probable not merely possible, and more probable than his lack of knowledge? We think it is.

From the nature of Lot 4, its location in the subdivision being developed, the excavation and building carried on by defendant husband and under his direction, coupled with his experience and knowledge of building and his assumption of one half the cost of the testing expense, the jury could properly find it was more probable he knew of the defective soil condition than he did not know of it.

Defendant cites our recent case of Phoenix v. Stevens, 256 Iowa 432, 127 N.W.2d 640, on the question of the seller's knowledge of defect in real property. The difference between the

Phoenix case and this one is, in Phoenix the trier of fact, the trial court, found as a fact the sellers did not have prior knowledge of the termites; in this case the triers of fact, the jury, did find as a fact the sellers did have prior knowledge of the defect. As pointed out in the Phoenix case, pages 435, 436 of 256 Iowa, page 642 of 127 N.W.2d, our question is whether the finding is supported by substantial evidence. In this case the finding is so supported.

III. When the jury, as here, has found defendant's knowledge of the defective soil condition, and defendant does not disclose this fact, the only result to follow is the natural consequence of such nondisclosure, and that is that plaintiffs were allowed to assume the lot was what it appeared to be. The plaintiffs were thereby deceived. Defendant cannot be heard to say he did not intend the natural consequences of his failure to disclose; his intent to deceive is presumed. Andrew v. Baird, 221 Iowa 83, 89, 265 N.W. 170.

IV. We have pointed out both plaintiffs testified they would not have purchased the property if they knew it was filled. This is direct evidence that they relied on the appearance of the lot and duplex. The representation made by the nondisclosure is material. Under such circumstances courts permit inferences of inducement and reliance. Patterson v. Wuestenberg, 239 Iowa 658, 662, 663, 32 N.W.2d 209; and Bean v. Bickley, 187 Iowa 689, 706–709, 174 N.W. 675.

V. The testimony of the testing engineer and repairing contractor is substantial evidence the defective fill caused the damage to the duplex.—Affirmed.

GARFIELD, C. J., and HAYS, THOMPSON, LARSON and SNELL, JJ., concur.

STUART and MOORE, JJ., dissent.

PETERSON, J., takes no part.

STUART, J. (dissenting)—This cause of action is based upon fraud. The burden is upon plaintiffs to prove, among other things, scienter and intent to deceive on the part of the defendants. I believe there is insufficient evidence of defendants' knowl-

edge of a defective fill to create a jury question on these two essential elements. I would reverse.

MOORE, J., joins in this dissent.