[No. 6348.]

## Pouppirt v. Greenwood.

1. **Principal and Agent—Definition**—An agent is one who acts for, or in the place of, another, by authority of such other, or who is entrusted with the business of another.—(407)

The evidence examined and held to establish the relation of principal and agent between the parties.—(407-409)

2. **Deceit**—Agent who by false representations as to the price for which particular lands can be purchased, induces the principal, relying upon such representations, to pay therefor a sum greatly in excess of that for which the land was in fact purchased, converting the difference to his own use, is liable for the excess so fraudulently procured.—(409)

And where what was so fraudulently obtained was merely the discharge of a previous indebtedness, the understanding of the parties that the indebtedness was discharged, is equal in effect to a formal release.—(410)

*Appeal from Denver District Court* — Hon. Greeley W. Whitford, Judge.

Mr. John H. Gabriel, for appellant.

No appearance for appellee.

Mr. Justice Gabbert delivered the opinion of the court:

The substance of the allegations in a complaint filed by appellee in an action brought by him, as plaintiff, against appellant, as defendant, material to consider, is, that defendant represented he could purchase for him a certain tract of land, with water rights, for a less sum than he, plaintiff, could, namely, the sum of $4,200.00; that this representation was false, in that the land and water rights were then for sale by the owner for the sum of $3,600.00; that defendant knew his statement was false, and made the same with the intent and for the purpose of willfully and maliciously deceiving and injuring plaintiff. Plaintiff also alleged that defendant urged and

advised him to purchase the property, and to allow him, the defendant, to negotiate a purchase thereof; and that, relying upon the representations of the defendant, he consented to the latter negotiating the purchase of the property for him, with the result that he purchased and paid for the property through defendant in the way of cash, a note turned over to him (the defendant), and an account stated in his (plaintiff's) favor and against the defendant in the sum of $600.50, for which he gave defendant credit on his representation that he had paid that sum to the vendor of the property for his (the plaintiff's) benefit, and obligations for deferred payments executed and delivered to the vendor of the property, aggregating in all the sum of $4,200.00, when, in truth and in fact, but unknown to plaintiff, the purchase price was only $3,600.00. It is then alleged that defendant, in consummating the purchase, only turned over to the vendor of the property of the cash he received from the plaintiff, the amount represented by his account, and the note delivered to him, a sum which, with the obligations given by plaintiff for the deferred payments, amounted to but the sum of $3,600.00, the actual purchase price of the property. In short, through the misrepresentations of defendant with respect to the sum for which the property could be purchased, he defrauded plaintiff out of the sum of $600.50. Plaintiff prayed judgment for the amount which, according to the averments of his complaint, the defendant had fraudulently obtained, and also judgment in case it was determined that defendant was guilty of either malice, fraud, or willful deceit with respect to the matters set up in the complaint, committing him to jail.

For answer defendant denied that plaintiff was to pay $4,200.00 for the property purchased, and

alleged that he was to pay $3,600.00, as shown by the contract, and denied that he was indebted to plaintiff on the account stated. By way of replication plaintiff admitted that the agreement in writing showed the purchase price of the property to be $3,600.00, but alleged that defendant had represented to him that additional considerations had to be paid to the owner for the property purchased, and that defendant fraudulently concealed from him that the written agreement showed the whole transaction with respect to the purchase of the property. Trial was had to a jury, and a general verdict rendered, finding the issues in favor of plaintiff, and assessing his damage at $600.50; and on a special verdict, found that in the commissions of the wrongs complained of the defendant was guilty of fraud and willful deceit. On this verdict judgment was rendered against the defendant for the amount of the damages returned by the jury, and an order entered committing him to jail for a period specified, if the judgment was not satisfied. From this judgment the defendant has appealed.

The court advised the jury that an agent is bound to exercise the utmost good faith towards his principal and to disclose to the latter all facts within the agent's knowledge which affect the principal's interest in the transaction which the agent is conducting for his principal. It is urged that this instruction is erroneous, for the reason that there is no testimony which disclosed that the relation of principal and agent existed between plaintiff and defendant. An agent is one who acts for or in the place of another, by authority from him; or who is entrusted with the business of another.

According to the testimony of the plaintiff he entrusted to the defendant the purchase of the property mentioned in his complaint. Plaintiff testified

in substance that he became acquainted with the defendant about 1895, at which time he, the plaintiff, was engaged as a farm hand on a farm near the city of Denver, and that ever since this date, that has been his principal occupation; that shortly after his acquaintance with the defendant began he loaned him something over $200.00, and sold him a horse for $35.00; that subsequent to that time, and extending over a period of several years, he loaned him other sums, worked for him, and entrusted him with the collection of a small sum of money due for work, which he collected, until the indebtedness of the defendant aggregated between five and six hundred dollars, for which no obligation was ever given, although defendant promised many times to do so, no part of which has ever been paid except the sum of about four dollars and a half, represented by a pair of shoes and a couple of shirts, which the defendant had purchased for the plaintiff.

Plaintiff also testified that he had a settlement with the defendant, and it was agreed that defendant owed him the principal sum of $535.50, and $70.00 interest, making, in all, $605.50. About this time the defendant represented to plaintiff that he could buy the property mentioned in the complaint for the sum of $4,200.00, which was less than he, the plaintiff, could purchase it for; that, in order to effect a purchase, it was necessary to pay down about the sum of $1,000.00; that defendant represented to him that if he would make the purchase, he would pay to the vendor the amount of his account, if plaintiff would give him a sufficient sum which, with the amount of the account, would cover the first payment; that he relied upon the representations of the defendant; and turned over to him, in the way of cash and a note which he held, a sum which, with the amount of his account, covered the first payment, represented

by defendant to be about the sum of one thousand dollars; that defendant proceeded with the transaction, and it was finally closed. We think this testimony is amply sufficient to establish that in the purchase of the property the defendant was acting for the plaintiff.·

It is also urged that the instruction under consideration is erroneous because it assumed· that the relationship of principal and agent was established between the parties. The instruction merely advised the jury what duties the law imposes upon an agent when the relation of principal and agent was established, and did not, as we read it, assume that as between the parties it had been established. Aside from this, the question of agency is of no material moment. According to the testimony of the plaintiff, which the jury must have believed, from the verdict rendered, the defendant undertook to, and did, defraud the plaintiff out of the amount of the account he was owing him, by false and fraudulent representations, with respect to the price for which he said a particular piece of land and water right connected therewith could be purchased, but which, from the finding of the jury, was not true, and having induced the plaintiff to pay a price in excess of that which he represented it could be purchased for, it appearing that plaintiff relied upon his representations, the defendant is responsible for the damages occasioned by his fraud.

By instruction No. 2 the court advised the jury what facts it was necessary for plaintiff to establish in order to show that he had been damaged by the action of the defendant. It is urged that this instruction did not place the question clearly before the jury that it was necessary for the plaintiff to establish that he had released or surrendered his account against the defendant. There is no merit in this contention.

By the instruction the jury were advised in what circumstances the misrepresentations of the defendant would be actionable, and that it must, also, appear that plaintiff had suffered damage as the result of the defendant's alleged misrepresentations. The issue on the question of damage was whether or not the defendant had fraudulently obtained from the plaintiff any property or money. This question was presented by other instructions.

It is finally urged that the verdict of the jury is against the evidence. In support of this claim it is contended the testimony does not disclose that plaintiff ever released to the defendant his account against him. It is true he gave him no written release, but the testimony of the plaintiff to the effect that when the transaction was closed between the plaintiff and the vendor of the property, it was understood and agreed between the plaintiff and the defendant that the account of the latter was discharged as the result of the defendant having paid to the vendor, for the benefit of plaintiff, a sum which equaled his indebtedness to the plaintiff, is sufficient upon which to predicate the finding that, as a matter of fact, the parties agreed the account was satisfied. That was a release.

As would naturally be expected in a case of this character, there is a decided conflict in the testimony, but it is amply sufficient to sustain the general verdict returned by the jury, in favor of the plaintiff, and also their special verdict, finding the defendant guilty of fraud and willful deceit, and the judgment of the district court on these findings being in accordance therewith, it will stand affirmed.

*Affirmed.*

Chief Justice Steele and Mr. Justice Hill concur.