## No. 9600.

### BIGGER v. HOLLWORTH.

Decided Jan. 10, 1921.

Action to rescind contract of sale.   Judgment for plaintiff.

*Affirmed.*

1. VENDOR AND VENDEE—*Fraud—Misrepresentations.*   The agent of the owner represented to a purchaser of property that it was listed with him for $1500 when in fact it was listed at the value of $800.   *Held*, that this was a flagrant misrepresentation as to the sum for which the property could be purchased, and therefore as to value.

2. FRAUD—*Representations.*   In the sale of a restaurant property the amount of income and profits derived from the business is peculiarly within the knowledge of the owner and the purchaser is justified in relying upon the representations of the seller in that respect.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. C. A. IRWIN, for plaintiff in error.

Mr. PERCY S. MORRIS, for defendant in error.

MR. JUSTICE SCOTT delivered the opinion of the court.

THE plaintiff in error, Frank Bigger, was the owner of a restaurant in the city of Denver, which he listed for sale with the Victor M. Cox Loan and Investment Company, one of the defendants below.   Through the instrumentality of this agency, the restaurant was sold to the defendant in error, Anna E. Hollworth, for the sum of fifteen hundred ($1500) dollars, one-half of which sum was paid in cash and one-half by several promissory notes.

This action is by the defendant in error, Anna E. Hollworth to rescind the contract of sale upon the ground of fraud and deceit.

It appears that at the time, Mrs. Frank Bigger, wife of

the defendant Bigger, was in charge of the restaurant, and admittedly the agent of Bigger.

The court made the following specific findings of fact:

"1.   That Mrs. Frank Bigger, the agent of the defendant Frank Bigger, represented to the plaintiff before the plaintiff paid the purchase price for the restaurant business, property and good will described in the complaint, that the daily receipts of money from said restaurant were from sixty dollars to seventy-five dollars and better, and never less than sixty dollars.

2.   That before the said purchase money was paid by the plaintiff for the said restaurant, the defendant Flavin, agent of the defendant, The Victor M. Cox Loan and Investment Company, stated to the plaintiff that the said restaurant was at that time listed with the defendants, The Victor M. Cox Loan and Investment Company at a price of fifteen hundred dollars.

3.   That both of these representations were material representations, that they were false and known by the persons making them to be false, that they were made for the purpose of inducing the plaintiff to buy the restaurant, that the plaintiff was ignorant of the falsity of such representations and each of them, that the plaintiff had the right to and did rely upon such representations and each of them and bought the restaurant upon such representations and each of them."

Judgment for rescission was entered, for the repayment of the sum of seven hundred fifty ($750) dollars, and for the cancellation of the several promissory notes, together with the sum of $182.34 lost by the plaintiff while in charge of the restaurant.   Bigger brings the cause here on error.

The principal contention of plaintiff in error is that a fatal variance exists between the pleading and proof as found by the court as to the misrepresentations upon which plaintiff relied.

Many fine distinctions are attempted and many authorities are cited, but a careful study of the pleadings and proof fails to sustain the contention.   The pleadings and

findings both state in substance the same fact.

It is urged that if the findings are true, they were insufficient in law to justify rescission. Flavin, the agent of the Cox Company, who transacted the matter with Mrs. Hollworth represented to her that Bigger had listed the property with the company at fifteen hundred ($1500) dollars, when in truth and in fact it was listed at the value of eight .hundred ($800) dollars. This was a flagrant misrepresentation as to the sum at which the property could be purchased, and therefore as to value. *Pouppirt v. Greenwood*, 48 Colo. 405, 110 Pac. 195.

It is contended that Mrs. Hollworth was not justified in relying upon the representations made to her as to income and profits, but was bound to make investigation for herself. The amount of income and profits were matters peculiarly within the knowledge of the owner and in such case the purchaser is justified in relying upon the representations of the seller in that respect. 1 Black on Rescission and Cancellation, Sec. 118.

There are other assignments of error, all of which have been considered but are held to be without merit. Judgment affirmed.

MR. JUSTICE DENISON and MR. JUSTICE ALLEN concur.