## No. 10,774.

### LEAR *v.* BAWDEN, ET AL.

Decided May 5, 1924.

Action for damages for false representations. Judgment of dismissal.

### *Reversed.*

1. FRAUD—*False Representations—Real Estate Brokers.* Representations by a real estate broker, that property could not be purchased for less than a certain price, which the purchaser paid, and which was in excess of the true selling price, held actionable fraud for which the purchaser could recover.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. JOHN T. BOTTOM, for plaintiff in error.

Mr. C. A. IRWIN, Mr. JOHN L. SCHWEIGERT, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by Mrs. Lear, the plaintiff, to recover damages for fraudulent representations made to her by

the defendants in their sale to her of a leasehold interest, furniture and furnishings of a hotel or rooming house known as the "Loganhurst Hotel" in the City of Denver, which belonged to a Mrs. Bawden. At the close of the plaintiff's testimony the court granted the separate motions of all of the defendants for a nonsuit and dismissed the action.

There was no error in granting the motion of the defendant Mrs. Bawden, the owner of the property, and the motion of the Speer Investment Company, as the evidence did not connect either of them with the alleged fraud. The nonsuit as to the defendants, the Champa Realty and Investment Company and of its president-manager and salesman, was wrong. There is undisputed testimony tending to show that the plaintiff was a stranger in Denver and unacquainted with values and business conditions. The defendant Mrs. Bawden desired to sell her rooming house, or rather the leasehold interest, furnishings and furniture thereof which comprised all her holdings, and at the solicitation of the Champa Realty and Investment Company she listed this property with it for sale for $4,500, which later at their request and insistence she lowered to $4,350. There was no agreement between the owner and the agents for a commission. The Company's salesman was known to the plaintiff, Mrs. Lear, or to her son or to some member of her family before she came to Denver. Mrs. Lear made known to this salesman, either directly or through her son, her desire to buy and conduct a rooming house. This property being listed with his principal for sale, the salesman took Mrs. Lear and her son to the rooming house and told her, which, as to all material respects was later confirmed by the president-manager, that the lowest price at which it could be bought was $5,700. As Mrs. Lear had only $2,600, she said she could not buy the property but these officers, acting for the company, said they could arrange for a loan of $3,100 which, with the money she had, aggregated $5,700, the loan to be secured by a chattel mortgage on the property. Thereupon

the plaintiff agreed to buy, and did buy, at $5,700, in reliance upon the representations made to her believing them to be true. To pay for the same she gave the Champa Realty Company her personal check for $2,600, which was cashed, and the $3,100, money realized on the chattel mortgage. After an experience of several months in conducting the rooming house at a loss, she sold it and with the money received paid the mortgage notes and then brought this action for damages against the defendants. named. The two material misrepresentations relied upon are: (1) That Mrs. Bawden's income from the business was less than it was represented to be; (2) that the property could not be purchased for less than $5,700.

This judgment must be reversed, if for no other reason, because of the misrepresentation as to the price. We are not entirely satisfied as to the representations concerning the income, and therefore eliminate it from our consideration, leaving the trial court, in the event of a new trial, unhampered by this decision, so that both representations or issues may be retried.

The evidence as to the misrepresentations concerning the price, tends to show that both the president-manager and the salesman, officer and agent of the defendant realty company, knew plaintiff's ignorance as to value and business conditions and that she relied implicitly on the statements of the salesman who conducted the negotiations, believed his representations as to the price to be true that the property could not be bought for less than $5,700. This property was listed not only with the defendant company but with other agents for $4,500, and it was later reduced to $4,350, upon the request of the Champa Company who told the owner that Mrs. Lear, the proposed purchaser, did not have much money and that they would not be able to get from her more than $4,350, and it was upon such representations that Mrs. Bawden reduced the price. The testimony tends strongly to show that the Champa Realty Company was constituted the agent of Mrs. Bawden for the sale of this property. The commission or compensation

for their services came out of the excess above $4,350 that they might get from a purchaser, which was $1,350. The testimony is explicit that both individual defendants told the plaintiff or her son that the company was Mrs. Bawden's agent for the sale of the property and that it could not be bought for less than $5,700 and that was the lowest price that the owner would take for it. It is true that these defendants did not in the exact words say it was the lowest price that "Mrs. Bawden would take" but they certainly gave that impression to the plaintiff and intended to convey to her that it was the owner who would not take less. She was the owner; she had never agreed to sell it to these agents. They paid, out of the proceeds of the sale to the plaintiff, Mrs. Bawden only $4,350. She did not know until several months afterwards that they had received from the plaintiff $5,700 for it. She is not complaining here that they got this very handsome and considerable fee or compensation for their services. The plaintiff Mrs. Lear, however, complains, and justly complains, that they deceived her and misrepresented to her the lowest price at which the property could be bought. We think this case comes clearly within the doctrine declared in *Bigger v. Hollworth,* 69 Colo. 451, 194 Pac. 940: "The agent of the owner represented to a purchaser of property that it was listed with him for $1,500 when in fact it was listed at the value of $800. *Held,* that this was flagrant misrepresentation as to the sum for which the property could be purchased, and therefore as to value". Citing *Pouppirt v. Greenwood,* 48 Colo. 405, 110 Pac. 195.

In the instant case the agent of the owner represented to the purchaser that the property could not be bought for less than $5,700, whereas, in fact, it was listed with the agent for $4,350, and was also listed with other agents for $4,500.

The theory of the defendants seems to be, in part, that they were not the agents of the owner, and the trial court evidently accepted this theory, overlooking the undisputed facts to the contrary. The defendants apparently would

have the court believe that they were making the sale of this property as if they were the owners, having bought it from Mrs. Bawden. Whether this contention is an after-thought by them or the defense is based upon a suggestion by some one after the suit was brought, we do not know, and the record does not disclose. However that may be, according to the undisputed evidence, the realty company, by its officers and agents, pretended to be, and were, acting as agents for Mrs. Bawden, the owner. The plaintiff's son testified that the salesman told him "that the best that the woman would take for it was $5,700." This was not denied, defendants offering no evidence, but even if it had been disputed by another witness, this testimony of itself was sufficient to take the case to the jury.

The judgment is reversed and the cause remanded for a new trial, further proceedings to be in accordance with the foregoing views.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.