No. 18,459.

ABE P. COHEN *v.* LUCINDA VIVIAN, ET AL.

(349 P. [2d] 366)

Decided January 25, 1960.   Rehearing denied February 29, 1960.

444

Mr. E. F. CONLY, for plaintiff in error.

Mr. ALAN L. STERNBERG, Messrs. EARLY & KELLER, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

Two suits in rescission of vendor-purchaser contracts were consolidated for trial. At the conclusion of the trial the court entered judgments in favor of the plaintiffs on the two claims: for the plaintiffs Vivian, rescinding their contract with the Cohens, and in so doing, making some monetary adjustments between the parties; for Welch by awarding her damages but denying rescission. The Cohens contend that these claims were erroneously resolved on theories which have never been able to gain a rudimentary recognition in the common law.

From the evidence we learn that the Cohens were novices in land development. They engaged a contractor to build homes on realty they had purchased for development purposes. In excavating, the contractor discovered that the land involved was filled soil, requiring an alteration in the plans for foundations of the homes to be constructed. Notification of the condition and of measures (suggested by the building inspector of Englewood)

to overcome the problem thereby created, with attendant additional expense, was given to the Cohens, who authorized the expenditure.

Mrs. Vivian and Mrs. Welch were two elderly women who had been close friends since childhood. Neither had any knowledge or experience concerning the construction of dwellings. Both were seeking homes to purchase, and apparently desired to obtain them on adjacent properties. Mr. Vivian, the other plaintiff, was the son of Mrs. Vivian.

An advertisement in a newspaper attracted Mrs. Vivian to the homes in question. These homes were identical duplexes which were at the time in an early stage of construction. The Vivians and Welch entered into separate contracts for the purchase of these houses while they were in an unfinished state. Both contracts recited that the purchasers had inspected the property, and that "In entering into this contract, I rely upon inspection and not upon representations of any person."

That the purchasers were unaware of the soil conditions, and that they had not been advised by the Cohens or anyone connected with the building or the sale of the houses that they were being built on filled ground, seems to be an undisputed fact. Upon completion of the houses, deeds were delivered to the purchasers and they moved into their respective homes.

Not long after occupancy the houses sank, tilted and cracked to such extent that continued occupancy of the Vivians' home became so dangerous as to require their removal from the premises. Mrs. Welch had to expend substantial sums for repairs to her home in order to render it safe for habitation. There is no question that the developing impairment of these houses resulted from the unstable soil condition.

In their complaints the Vivians and Mrs. Welch charged that the "defendants were grossly negligent in failing to take adequate steps to treat the soil and reinforce the foundation"; that "failure to take such steps

constituted a breach of defendants' contractual obligations to plaintiffs"; (and in the alternative) "that defendants knew or should have known of the defective soil condition; that they took no steps or inadequate steps to correct such condition," failed to advise plaintiffs of the condition, but by "implication warranted the structure was being built * * * to fulfill the purpose for which it was constructed"; that the Cohens failed to disclose the soil condition in violation of their duty so to do; and that the parties labored under a mistaken belief that the ground was suitable for dwelling houses.

The Cohens denied the charges so made, and by separate defenses alleged lack of privity between themselves and the purchasers; disclaimer of warranty; laches; inspection and equal knowledge of the parties; failure to mitigate damages; and failure to state a claim.

Finding that the Cohens were aware of the filled ground, the trial court rejected the contention of the Cohens that the doctrine of caveat emptor should apply to defeat the claims of the plaintiffs. It held that the Cohens were negligent and violated their contracts, as alleged in the complaints; and that they defected from their "duty to exercise reasonable and due care to insure the new premises [were] reasonably suited for the intended purpose of human habitation."

We do not have to resolve whether houses purchased in the initial stages of construction with an understanding that they will be completed for the purchasers brings into operation the law enunciated in *Newcomb v. Schaeffler*, 131 Colo. 56, 279 P. (2d) 409. Its apparent similarity prompts us to point out that it is distinguishable from the present case in that the contractors in the cited case undertook to erect a residence on certain lots owned by the plaintiffs pursuant to a written contract.

However, there is law which dictates the course we should follow in this case. We are here dealing with a latent condition from the standpoint of the Vivians and Mrs. Welch. It became the equivalent of a patent

condition to the Cohens by virtue of the discovery that it was filled ground. A latent soil defect, known to the seller of a house built on such soil, creates a duty of disclosure in the seller. His failure to disclose amounts to concealment, making him vulnerable to a suit based upon fraud. Caveat emptor in such case is a pervious shield affording no protection to the seller.

"In charging the jury that 'if there is a concealed defect in the lot known to the seller, or which by the exercise of ordinary prudence should have been known by him, and which an ordinarily prudent examination would have discovered, the seller is bound to reveal it to the purchaser,' the court laid down a correct applicable principle of law. There was evidence that, after Davis acquired title to the lot, and before he started filling in the lot, the sewer was exposed to view, and the jury could have found that, had Davis inspected the property before he began dumping rubbish, barrels, and other materials thereon, he would have discovered the sewer. The evidence further disclosed that a quantity of material unsuitable to filling a lot was dumped thereon." *Davis v. Hopkins,* 50 Ga. App. 654, 179 S.E. 213.

The following quotation contains many facts so similar to those in the instant case that it seems almost a paraphrase. These facts constituted fraud: "We determine the disputed questions of fact, as did the trial court, in favor of the plaintiff. It is patent from this record that the house was built on a foundation resting on filled earth in violation of good building practices and the building code of the city of Omaha; and that the defendant knew all the facts that lead [sic] to the ultimate conclusion that the foundation rested on filled earth. His conduct in putting down piling indicates that he had reached that conclusion sufficiently at least to undertake to guard against the result. He did not reveal the condition of the soil to the city when he secured his building permit. It also is patent that defendant knew when he sold the premises to the plaintiff that the foun-

dation was faulty and insufficient; that he undertook to conceal and did conceal those facts from the plaintiff; that he did not reveal them to his agent; and that the condition of the soil and the construction of the foundation were latent defects and material ones." *Wolford v. Freeman,* 150 Neb. 537, 35 N.W. (2d) 98.

Other cases which hold that a vendee has a right of action against a vendor on the basis of concealment because of a latent defect known to the vendor and unknown to the vendee, the existence of which would materially affect the desirability of the property, are: *Rothstein v. Janss Inv. Corp.,* 45 Cal. App. (2d) 64, 113 P. (2d) 465 (involving a structure built on filled ground); *Barrie v. Abate,* 209 Md. 578, 121 A. (2d) 862; *Gilbert Const. Co. v. Gross,* 212 Md. 402, 129 A. (2d) 518.

An inspection by a purchaser which does not disclose does not render inapplicable the rule requiring disclosure of a latent defect. *Bayou Rapides Lumber Co. v. Davies,* 221 La. 1099, 61 So. (2d) 885.

Does the fact that the agreement in the present case contains a provision regarding inspection and its effect alter the question of liability? It would appear not. For it was held in the case of *Rothstein v. Janss Inv. Corp.,* supra, that the vendors of property containing a fill had the duty to disclose the existence of the soil condition to the purchasers notwithstanding an agreement under which the property was purchased, stipulating that the property had been personally inspected.

The judgments are affirmed.

MR. JUSTICE MOORE and MR. JUSTICE DOYLE concur.