No. 19,560.

DENVER BUSINESS SALES COMPANY, ET AL. v.
T. L. LEWIS, ET AL.
(365 P. [2d] 895)

Decided October 30, 1961.   Rehearing denied November 20, 1961.

Messrs. Lesher, Schmidt & Van Cise, for plaintiffs in error.

Mr. Robert L. McDougal, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

This action was commenced by defendants in error against Denver Business Sales Company, a corporation, Advanced Homes, a corporation, and Dunton Realty Company. We will refer to the parties as they appeared in the trial court.

Plaintiffs' amended complaint set forth two claims, one based on "Fraud and Deceit," the second on "Breach of Warranty." Both claims were predicated on the purchase and sale of a residence property known as 2551 South Jersey street, Arapahoe county, Colorado.

During the course of the trial the court dismissed the action as to Dunton Realty Company and the second claim as to the remaining defendants. The court denied defendants' motion to dismiss the claim predicated on fraud and deceit. Trial was to a jury resulting in a verdict in favor of plaintiffs against the remaining defendants, in the sum of $10,000.00. Motion for new trial was denied and judgment was entered on the verdict. Defendants are here by writ of error seeking reversal.

The contract between the parties for the purchase and sale of the property involved was signed March 21, 1957,

and the deed to plaintiffs was dated April 12, 1957, the date when the sale was completed. Plaintiffs' amended complaint alleged that defendants, in order to induce plaintiffs to purchase said real estate, represented that the "house was built and constructed of the very finest material and workmanship"; that it was constructed in such a manner that it was and would be trouble free, and was ready for the plaintiffs to occupy and enjoy over a long period of time. It was alleged that said representations were false and untrue and known by defendants to be false and untrue and that defendants concealed from plaintiffs the condition of the soil strata underneath said house. It was alleged that said undisclosed conditions consisted of a clay soil overlaying a shale strata and that said clay soil "had a low shrinkage limit"; that some time after plaintiffs occupied said property the clay soil expanded causing the walls of the structure to buckle, the floors to sag and become uneven, the doors and windows to become out of alignment so that they could not be closed; that the foundations were improperly laid and "offered insufficient and little resistance to the expansion of the clay" subsoil and that the foundation of the structure was not properly reinforced. Plaintiffs alleged that to render the house tenantable and "in order to avoid continuous expense hereafter, it will be necessary to underpin the footings and transmit the loads to the shale" and to do other repair work in connection therewith. Plaintiffs prayed for damages on account of the "fraud and deceit."

Defendants admitted the sale and purchase of the property by plaintiffs, and denied generally all other allegations of the complaint. It was further alleged that Denver Business Sales Company offered to make reasonable and necessary repairs to said property, which offer was declined by plaintiffs.

There was manifest error in the instructions given by the trial court. The substance of defendants' tendered Instruction No. 2 should have been given in lieu of In-

struction No. 11. The action was not one for damages based on negligence, but apparently was so regarded by the trial judge. By Instruction No. 11 the jury was told that in assessing plaintiffs' damages they should take into consideration "the nature and extent of the damages to the house" and the amount necessary to be expended to "properly restore the house to its original condition which existed on April 12, 1957." This instruction was erroneous.

■ In an action based on false representations the measure of damages is the difference between the actual value of the property at the time of purchase and its value as of that time had the representations been true. The amount required to place the property in its *original condition,* as Instruction No. 11 advised the jury, was not the proper measure of damages. This court is committed to the "benefit of the bargain rule" as stated in *Otis & Co. v. Grimes,* 97 Colo. 219, 48 P. (2d) 788, and *Sposato v. Heggs,* 123 Colo. 553, 233 P. (2d) 385.

Nor was the action one in rescission. The sole issue submitted to the jury was that of the alleged fraud. Instruction No. 3 given by the trial court was also erroneous. This instruction reads:

"You are instructed that the elements of fraud or deceit are as follows:

"*Either*

"A. As to statements by the sellers:

"1. That there were one or more representations of existing material facts, and not mere opinions;

"2. That such representation or representations were false;

"3. That such representation or representations were known to be false by the one making such statement or statements at the time made, or were made with utter indifference to the truth or falsity thereof, and that it or they were made with the intention of being relied upon;

"4. That such representation or representations were

believed and were relied upon by the buyers without independent investigation;

"5. And that the buyers were damaged as a result thereof.

"*Or*

"B. As to concealed defect:

"1. That the particular matter was as to an existing material fact or condition;

"2. That this was known, or by the exercise of ordinary prudence should have been known, by the sellers and was not known by the buyers;

"3. That this was intentionally concealed by the sellers, or that the sellers failed to disclose a matter which in the exercise of reasonable care they should have known, for the purpose of inducing the buyers to purchase the property;

"4. That had the matter been disclosed the buyers would not have purchased;

"5. That the buyers were damaged as a result thereof.

"If you find that all of these matters in either A or B above existed and were proved by clear and convincing evidence, your verdict must be for the Plaintiffs. On the other hand, unless you find that all of the matters in either A or B above existed and were proved by clear and convincing evidence, your verdict must be for the Plaintiffs. On the other hand, unless you find that all of the matters in either A or B above existed and were proved by clear and convincing evidence, your verdict must be for the Defendants."

■ It is to be noted that this instruction is divided into two parts, giving some of the jurors the opportunity to find for the plaintiffs under subdivision A, and the rest of the jury the opportunity to find for the plaintiffs under subdivision B. As if this were not enough to confuse the jury, the last two sentences of the instruction complete the bewilderment, for there the jury is admonished that if it finds certain facts to exist its verdict must be for the plaintiffs, but if, on the other hand, it

finds the identical facts to exist its verdict must be for the defendants. The two propositions are irreconcilable and could only result in confounding the issues in the minds of the jurors. Moreover, the instruction fails to make it clear that the jurors must be in agreement with relation to the basis of any liability of defendants.

The portion of the instruction designated B is entitled, "As to a concealed defect." It informs the jury that the defendants are liable if "by the exercise of reasonable prudence" they should have known of the so-called "concealed defect."

Plaintiffs rely on *Cohen v. Vivian,* 141 Colo. 443, 349 P. (2d) 366, which was an action for rescission based on the claim that Cohen knew the houses sold were erected on filled ground. The author of that opinion said, inter alia:

" * * * A latent soil defect, *known to the seller of a house built on such soil,* creates a duty of disclosure in the seller. His failure to disclose amounts to concealment, making him vulnerable to a suit based upon fraud. * * * " (Emphasis supplied.)

Following this statement the opinion contains a quotation from *Davis v. Hopkins,* 50 Ga. App. 654, 179 S.E. 213, wherein that court approved an instruction on the failure of a vendor to make disclosure of a latent defect under which liability would attach, "if there is a concealed defect in the lot known to the seller, *or which by the exercise of ordinary prudence should have been known by him, and which an ordinarily prudent examination would have discovered,* * * * " (Emphasis supplied.)

In the instant case it is made clear by the record that the trial court included in Instruction No. 3 B the statement that if the defendants "failed to disclose a matter, which in the exercise of reasonable care they should have known, * * * " they might be held liable solely because of the above quotations found in *Cohen v. Vivian,* supra. The inclusion of this language in the in-

struction was error. In an action based on fraud, which generally involves a corrupt motive, one cannot be held liable for concealing a condition concerning which he had no knowledge. The rule applicable to certain negligence cases which imposes liability for acts of omission or commission which might have been averted "by the exercise of reasonable prudence" in ascertaining the existence of a fact or condition, has no application to cases based on fraud and deceit. In quoting from *Davis v. Hopkins,* in the Cohen case, this court did not intend to establish a precedent that liability for fraud based upon nondisclosure could be established without proof of actual knowledge of the fact allegedly concealed. In *Cohen v. Vivian,* there was actual knowledge on the part of the vendor of the latent defect, which he did not disclose. The portion of the opinion of the Georgia court, above emphasized, was obiter dicta to any fact presented in *Cohen v. Vivian.*

Many of the pertinent facts in *Davis v. Hopkins,* supra, and *Wolford v. Freeman,* 150 Neb. 537, 35 N.W. (2d) 98, cited in the Cohen case, are lacking in the case before us.

Instruction No. 4 under the record here should not have been given. It merely emphasized part B of Instruction No. 3.

The Judgment is reversed and the cause remanded with directions to grant a new trial on all issues raised in the pleadings, and permit the parties to raise additional issues as they may be advised.

Mr. Justice McWilliams concurs in the result.