568 P.2d 494 (1977)
Kathleen B. WEEKS and Earl V. Buchanan, Plaintiffs-Appellees,
v.
Virginia A. ESCH, Defendant-Appellant.
No. 76-589.
Colorado Court of Appeals, Div. III.
June 16, 1977.
Rehearing Denied July 7, 1977.
Spurgeon, Haney & Howbert, P. C., Gregory R. Piche, Colorado Springs, for plaintiffs-appellees.
Addy, Otto & Stauffer, J. Kent Stauffer, Colorado Springs, for defendant-appellant.
*495 STERNBERG, Judge.
In this intra-family dispute, plaintiffs, Kathleen Weeks and Earl Buchanan, sued their sister, Virginia Esch, and were successful in having the trial court impose a constructive trust on certain real estate and bank accounts. We affirm.
In 1970, three years prior to her death, Annabelle Buchanan, the widowed mother of the parties, owned two homes, the "Bijou" property and the "Cascade" property. She also had money deposited in several banks. Two of her three children, the plaintiffs, lived in California, and one, the defendant, resided in close proximity to her Colorado Springs home. The defendant assisted her aged and infirm mother in personal and financial affairs. The plaintiffs telephoned their mother weekly and visited her annually. The record demonstrates that a close relationship existed between the mother and all of her children.
Being in failing health, anticipating the possibility of becoming incapacitated, and desiring to avoid the cost of probate, the mother transferred ownership of all of her property, real and personal, to herself and her daughter, the defendant, in joint tenancy.
In 1972, the mother sold the Bijou property and, despite the title interest of the defendant, divided the proceeds from the sale equally among herself and her three children. Also, her will specified equal division of her estate.
A few days before the mother's death, and allegedly at the mother's direction, the defendant withdrew the money on deposit in the joint bank accounts and deposited it into her own account. It is her contention that the Cascade property was not intended to be shared equally by all of the children and she refused to distribute the proceeds of the bank accounts pending disposition of the question of ownership of the Cascade property. The defendant did, nonetheless, share equally with her brother and sister some $10,000 in cash which she found hidden throughout the mother's home.
Based upon testimony of the parties, which was in direct conflict, but also based on tape recordings of conversations between defendant and her mother, and plaintiff Weeks and her mother, the trial court found that the mother transferred the property to defendant intending for defendant to divide all property equally among all of her children. The court also held that a confidential relationship existed between the defendant and her mother, and, accordingly, ruled that defendant held the property under a constructive trust.
Defendant's first contention on appeal is that the necessary elements of a constructive trust had not been proved. We do not agree.
As stated in Restatement (Second) of Trusts § 45:
"Where the owner of an interest in land transfers it intervivos to another in trust for a third person, but no memorandum properly evidencing the intention to create a trust is signed, as required by the Statute of Frauds, and the transferee refuses to perform the trust, the transferee holds the interest upon a constructive trust for the third person, if, but only if,
(b) the transferee at the time of the transfer was in a confidential relation to the transferor."
We find this Restatement approach to be persuasive and follow it. See Gruenwald v. Mason, 139 Colo. 1, 335 P.2d 879 (1959) (applying Restatement of Trusts § 44).
Thus, if a confidential relationship existed between defendant and her mother, the trial court's imposition of the trust, as it pertains to the real property, was correct. There being sufficient evidence in the record to support the trial court's determination that such a relationship did exist, it may not be disturbed on review. Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336 (1970).
Similarly, with regard to the bank accounts, equity recognizes a constructive trust where money has been obtained through a breach of trust. Hall v. Linn, 8 Colo. 264, 5 P. 641 (1885). As stated by *496 Justice Cardozo in Beatty v. Guggenheim Exploration Co., 225 N.Y. 380, 122 N.E. 378 (1919):
"A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.
A court of equity in decreeing a constructive trust is bound by no unyielding formula. The equity of the transaction must shape the measure of relief."
Defendant's contention that fraud must be shown to impose a constructive trust is not the law in Colorado. See Walker v. Bruce, 44 Colo. 109, 97 P. 250 (1908).
"[A] constructive trust will be imposed even though at the time when he acquired the property the transferee intended to perform his promise and was not therefore guilty of fraud in acquiring it; and even though the transferee did not take improper advantage of the confidential relation in procuring the transfer and was not therefore guilty of using undue influence. The abuse of the confidential relation in these cases consists merely in his failure to perform his promise." I A. Scott, Law of Trust, § 44.2 (3d ed. 1967).
We have considered defendant's other contentions of error and find them to be without merit.
Judgment affirmed.
PIERCE and BERMAN, JJ., concur.