574 P.2d 508 (1977)
Vic E. BREEDEN, Executor of the Estate of Charline H. Breeden, Plaintiff-Appellant,
v.
E. L. DAILEY and Jean Dailey, Defendants-Appellees.
No. 76-467.
Colorado Court of Appeals, Div. III.
September 15, 1977.
Rehearing Denied October 6, 1977.
Certiorari Denied February 6, 1978.
*509 Seawell, Cohen & Sachs, P. C., Jeffrey L. Smith, Denver, for plaintiff-appellant.
Morrato, Gueck & Colantuno, P. C., Jay L. Gueck, Denver, for defendants-appellees.
PIERCE, Judge.
Charline H. Breeden began this action against her former financial advisor, E. L. Dailey, alleging Dailey breached his duty as a fiduciary. Mrs. Breeden's estate continued the action upon her death in 1972. Dailey counterclaimed for damages based *510 primarily on his employment contract. The trial court directed a verdict in favor of the Estate, for $21,800, and submitted the balance of its claim to the jury. The jury returned a verdict for Dailey on the counterclaim, awarding him $391,460, and awarded no additional damages to the Estate. The Estate appeals. We reverse.
The central issue on appeal is whether, on the evidence presented, Dailey was a fiduciary as a matter of law.
Dailey served Mrs. Breeden's father, A. E. Humphreys, as a treasurer of the Humphreys companies for many years. Sometime in the late 1950's Dailey began to supervise Mrs. Breeden's financial affairs. Mrs. Breeden and her husband traveled extensively, particularly in the mid-1960's, and Dailey was given authority to sign checks on Mrs. Breeden's account, to enter her safety deposit box, to prepare her income tax returns, to arrange loans on her behalf, and generally to handle her business affairs. Dailey also became the trustee of the A. E. Humphreys-Charline H. Breeden Trust (which trust held a considerable portion of Mrs. Breeden's assets) and he was appointed guardian of the assets of Mrs. Breeden's minor children. Dailey claims he performed his advising and management duties at Mr. Humphreys' request.
Mr. Humphreys died in 1968, but Dailey's business relationship with Mrs. Breeden continued by virtue of an employment contract signed in January of 1969.
Mrs. Breeden's claim is based on five allegations of breach of fiduciary duty. She claims that Dailey 1) between 1969 and 1970 paid unauthorized sums to himself and others, including salaries, commissions and a Christmas bonus; 2) in 1966 sold to her two apartment buildings owned by him for an amount far in excess of their fair market value; 3) charged her twice for certain personal property in those two apartment buildings; 4) failed to account for business expenses he charged to her between 1969 and 1970; and 5) between 1969 and 1971, paid to himself, out of her account, a total of $165,682 without accounting for these payments.
Dailey denied the validity of these claims, and counterclaimed for the balance of his salary and the retirement benefits under his employment contract, for services performed as trustee, and for sums allegedly advanced Mrs. Breeden.
A fiduciary relationship exists when "`there is special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to interests of one reposing the confidence.'" Circle T Corp. v. Deerfield, 166 Colo. 238, 444 P.2d 404 (1968).
While there is considerable evidence supporting the conclusion that Dailey became Mrs. Breeden's fiduciary in the early 1960's, other evidence to the effect that he was only acting at Mr. Humphreys' direction in those early years was sufficient to create a factual dispute on this point.
But the evidence of Mr. Dailey's status as a fiduciary after Mr. Humphreys' death in 1968 is conclusive and uncontroverted. Among the wealth of testimony and documents which establish this fact is the employment agreement executed on January 7, 1969, which gave Dailey the power to make financial commitments on Mrs. Breeden's behalf in an unlimited amount and without her express prior approval. His general duties under this agreement were "to serve Breeden faithfully and to the best of his ability." The contract also provided that he would continue to act, for a period of ten years, as Mrs. Breeden's financial advisor, as trustee of the Humphreys-Breeden trust, and as guardian of the estate of Mrs. Breeden's children. Mrs. Breeden agreed to pay him at least $33,000 per year in salary, and to fund a retirement account payable to him at age 65 or upon his retirement.
In light of this overwhelming evidence, we hold that Dailey was Mrs. Breeden's fiduciary from January 7, 1969, and the trial court's refusal to instruct the jury on that issue was error. See Arnold v. Abernethy, 134 Colo. 573, 307 P.2d 1106 (1957).
*511 Since the facts are in dispute as to whether Dailey was a fiduciary prior to January 7, 1969, the trial court's exclusion of the pre-1969 claims based on the apartment house and furniture transactions was improper. The jury should have been instructed to determine whether Dailey was a fiduciary at the time of these earlier transactions, and, if it determined he was a fiduciary, then it should have been allowed to determine the damages resulting from these earlier transactions.
Also, in light of our conclusion that Dailey was a fiduciary as a matter of law after January 7, 1969, the post-1969 claims and the counterclaim should be reexamined by the jury.
In order to assist the trial court in the retrial of this case, we must deal with another issue that has been presented to us. The Estate asserts that even if Mrs. Breeden breached the employment contract without good cause, Dailey on his counterclaim is entitled only to the damages sustained between the date of the breach and Mrs. Breeden's death in August of 1972, and cannot recover for any damages for the portion of the 10-year contract term remaining after her death.
This is a matter of first impression in Colorado. As a general rule, damages against a party breaching a contract are limited when, between the time of the breach and the time of trial, the contract becomes incapable of being performed by the non-breaching party. Jones v. Fuller-Garvey Corp., 386 P.2d 838 (Alaska 1963); Model Vending, Inc. v. Stanisci, 74 N.J.Super. 12, 180 A.2d 393 (1962). See Restatement of Contracts § 457, comment d. Accordingly, we hold that Dailey would, in no event, be entitled to recover lost earnings and benefits for services he would have performed as Mrs. Breeden's financial advisor after her death.
However, the employment contract also called for his services as trustee of the Humphreys-Breeden trust and as guardian of the estates of her minor children. At the retrial, if appropriate, evidence should be produced so that it can be determined (1) what effect, if any, Mrs. Breeden's death had on the continuation of the trust, (2) when, after her death (if not before), each child's guardianship terminates, and (3) as of the date of breach what percentage of the combined assets administered by Dailey for the Breeden family were in the various guardianships, the trust, and in her personal estate free of trust, so that a reasonable apportionment can be made between recoverable and nonrecoverable damages from the breach of his contract.
The judgment is reversed and cause remanded for a new trial consistent with this opinion.
RULAND and VanCISE, JJ., concur.