**Hans von BRAUCHITSCH and Ilse von Brauchitsch, Husband and Wife, Appellants,**

v.

**Leo CRAVENS and Carroll Cravens, Husband and Wife, Appellees.**

No. 51460.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 29, 1978.

As Amended on Denial of Rehearing Nov. 6, 1978.

As Modified Nov. 14, 1979.

Released for Publication by Order of Court of Appeals Dec. 13, 1979.

Hamilton & Lambert by Michael Gassaway, Oklahoma City, for appellants.

Kenneth R. Nance, Oklahoma City, for appellees.

ROMANG, Judge:

This case arises from the sale of a residence alleged to have been built on a landfill and to be structurally unsound. Several defendants are named in the First Amended Petition, including two real estate companies and two individual real estate agents or brokers.

The parties in this appeal are the plaintiff-buyers and the defendant-sellers of the house. The sellers are Leo Cravens and Carroll Cravens, husband and wife. Based upon the pleadings, answers to interrogatories and depositions, the sellers moved for summary judgment, which the trial court granted. The buyers have appealed from that ruling, and here present a single proposition which reads:

---

The trial court erred in sustaining the Motion for Summary Judgment filed by the defendants herein as there was a substantial controversy as to material fact.

The First Amended Petition of the plaintiff-buyers alleges, among other things, that the house was built on a landfill; that it is structurally unsound; that there has been cracking of the foundation, floors and walls; that there is a lack of piering and piling to support the residence; that all of its defects had been hidden by cosmetic repair made by the sellers; that the only defect disclosed by the sellers was that water would stand in the breezeway; and that the buyers are obligated to spend in excess of $75,000 to correct the defects that have resulted from improper construction of the house.

The facts as developed from the discovery procedures show that the house was built in 1972 according to the specifications of the sellers; that their purchase of the property was completed in December of 1972; that by May, 1973, the stemwall, foundation, floors and walls began to crack; that the sellers brought suit against the building contractor in June, 1973; that during the trial, the sellers both testified that the house was built on a landfill, was structurally unsound, unstable, and that it was settling; that they recovered a judgment against their building contractor; that after some minor repair and some cosmetic covering of defects, the sellers contracted with BK Co. Realtors to list the house for sale; that the property was sold to the plaintiffs under the terms of a written contract dated July 6, 1975, without any disclosure that the house was built on a landfill or that it had structural defects for which the present sellers had recovered damages in a prior suit against the building contractor. At this point it should be mentioned that the plaintiff-buyers were moving to Oklahoma City from the State of Michigan, and had no knowledge of the prior lawsuit by the present sellers.

Plaintiff, Hans von Brauchitsch, testified:

Q   How many times did you talk with them (Leo and Carroll Cravens)?

A   I recall distinctly two times.

\*    \*    \*    \*    \*    \*

Q   They didn't tell you that there were any problems at all?

A   They said that they had had problems with the water in the breezeway.

Q   What else did they say about that?

A   Well, they said that this was the only problem that they ever had with the house.

Plaintiff urges that under the facts pertaining to the house, the Cravens, as well as their agent BK Co. Realtors, had a duty to inform them of its history; and that their failure to do so constituted actionable fraud, for which the plaintiff-buyers may recover damages flowing therefrom.

In *Finefrock v. Carney, Okl., 263 P.2d 744*, the court states:

The rule of caveat emptor does not apply where the vendor is guilty of the fraudulent concealment of a latent defect affecting the value of property for the purpose for which it is bought.

In *Cohen v. Vivian, 141 Colo. 443, 349 P.2d 366 (1960)*, where actions were brought to rescind contracts for the purchase of houses, the court held:

A latent soil defect, known to the seller of a house built on such soil, creates a duty of disclosure in the seller. His failure to disclose amounts to concealment, making him vulnerable to a suit based upon fraud. Caveat emptor in such case is a pervious shield affording no protection to the seller.

\*    \*    \*    \*    \*    \*

An inspection by a purchaser which does not disclose does not render inapplicable the rule requiring disclosure of a latent defect. *Bayou Rapides Lumber Co. v. Davies*, 221 La. 1099, 61 So.2d 885.

Here, the sellers take the position that because the sale contract stated, 'Contract contingent upon an inspection by a professional, for property structural soundness', and because the plaintiffs had the property inspected by Factfind-

ers, Inc., and Factfinders did not discover a structural defect, the rule requiring disclosure is rendered inapplicable. While we do not choose to go as far as the Louisiana and Colorado courts have, we do find that there are fact questions present which are sufficient to deprive the defendant sellers of their summary judgment. In so holding, we note that there is still some question as to whether the Cravens cosmetically concealed the structural defects. If in fact they have, we hold that such a concealment is tantamount to a misrepresentation, and may form the basis of an action in fraud. We also note that the fact that an inspection of the premises was made by a structural engineering firm does not in and of itself entitle the sellers to a summary judgment. The fact that such an inspection was made does not negate the possibility that any misrepresentations made by the sellers or their agents were also relied upon. The mere fact that the one source of information is available does not negate the possibility that other sources may be relied upon. In the case at hand, plaintiffs may have relied upon both misrepresentations made as well as the report from the engineering firm. The presence of one source does not necessarily negate the possibility of reliance upon another.

In *Stapleton v. Holt, 207 Okl. 443, 250 P.2d 451*, the court syllabus holds:

1. Fraud is a generic term which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated.

2. Where fraud is properly alleged by one party and denied by the other, and the evidence as to such issue is conflicting, the question is one of fact to be determined by the jury under proper instructions.

In *Weaver v. Pryor Jeffersonian, Okl., 569 P.2d 967*, the Oklahoma Supreme Court held:

. . . [O]n motion for summary judgment all inferences and conclusions to be drawn from underlying facts contained in such materials as affidavits, admissions, depositions, pleadings, exhibits and the like, must be viewed in a light most favorable to party opposing the motion. *Northrip v. Montgomery Ward & Co., Okl., 529 P.2d 489 (1974).*

\* \* \* \* \* \*

Motion for summary judgment should be denied if the facts concerning any issue raised by the pleadings and affidavits thereinafter filed in the case are conflicting, or if reasonable men, in exercise of fair and impartial judgment, might reach different conclusions from undisputed facts concerning any issue as set forth in such instruments.

\* \* \* \* \* \*

We observe that summary judgment is a lethal weapon and courts must be mindful of its aims and targets and beware of overkill in its use. *Brunswick Corp. v. Vineberg, C.A.Fla., 370 F.2d 605 (1967).*

In view of the foregoing, the summary judgment granted the sellers, Leo Cravens and Carroll Cravens, is hereby reversed, and this case is remanded for further proceedings.

REVERSED AND REMANDED.

REYNOLDS, J., concurring.

BOX, P. J., not participating.