Edith Schwartz MEYER,
Plaintiff-Appellant,

v.

Pearl SCHWARTZ, as Personal Representative of the Estate of Martyn Schwartz, Deceased, and Sherwin R. Schwartz and Morton B. Schwartz, as Co-Trustees of the Pearl Schwartz Marital Trust and Martyn Schwartz Family Trust, Defendants-Appellees.

No. 80CA1271.

Colorado Court of Appeals,
Div. II.

Sept. 10, 1981.

Rehearing Denied Oct. 8, 1981.

Certiorari Denied Dec. 21, 1981.

Bader & Cox, Gerald L. Bader, Jr., Charles A. Miller, Denver, for plaintiff-appellant.

Fishman & Geman, P. C., Donald T. Trinen, Denver, for defendants-appellees.

STERNBERG, Judge.

In this intra-family dispute, Edith Schwartz Meyer appeals from summary judgment granted in favor of the estate of Martyn Schwartz, her brother. She contends that she was entitled to a trial on the merits of her claims of breach of fiduciary duty and fraudulent concealment. We affirm.

Edith and Martyn were beneficiaries of a family trust which provided that on the death of the income beneficiary, their mother, the assets would be divided equally between them. During the life of the trust, Martyn managed the real estate owned by the trust and Edith was co-trustee.

Their mother died in 1972, and, in 1975, Martyn and Edith entered into an agreement immediately terminating the trust. Significantly, this agreement provided that, on termination of the trust, Edith and Martyn became owners, as tenants in common, of all of the trust properties. This arrangement proved unsatisfactory, and it was agreed that the properties should be divided equally in kind, based on 1972 appraised values used by the Internal Revenue Service to compute taxes on their mother's estate. But it became evident that, using these figures, an equal division could not be accomplished. To achieve the parties' objective, it was necessary for one party to "buy out" the other's share in the Holden Hotel, one of the properties owned by the trust, which had been valued at $180,000 for I.R.S. purposes.

Martyn offered to sell his ½ interest in the Holden to Edith or buy her ½ interest. She indicated a preference to sell her share. After negotiating for several months, Edith and Martyn entered into an agreement for the distribution of the property. Pursuant to the terms of the 1976 agreement, Martyn purchased Edith's interest in the Holden. He died in 1977, and Martyn's heirs succeeded to his interest in the Holden Hotel.

In 1979, Martyn's heirs contracted to sell the Holden Hotel for $905,000. When Edith discovered the potential sales price she brought this action, alleging fraud and asserting that Martyn knew, or should have known, that the 1972 I.R.S. valuation of the hotel upon which the distribution agreement was based, did not reflect the true value of the property, and that he had a fiduciary duty to disclose its actual value to her. The trial court granted summary judgment in favor of Martyn's beneficiaries.

I.

Although Edith asserts that Martyn breached a fiduciary or confidential duty by not disclosing the true value of the Holden Hotel, the trial court concluded that: "The affidavits and depositions do not, as a matter of law, establish that Martyn had a duty to Edith based upon a fiduciary or confidential relationship which was breached." We agree.

"A fiduciary relationship exists when 'there is special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to interests of one reposing the confidence.'" *Breeden v. Dailey*, 40 Colo.App. 70, 574 P.2d 508 (1977). Also, "[a] confidential relationship arises when one party has justifiably reposed confidence in another," *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979), and relaxes the care and vigilance which ordinarily would be used in dealing with a stranger. *United Fire & Casualty Co. v. Nissan Motor Corp.*, 164 Colo. 42, 433 P.2d 769 (1967). The factors which determine existence of a fiduciary or confidential relationship ordinarily involve questions of fact. *See Breeden v. Dailey, supra.*

■ As a general rule, issues of fact should not be determined on a motion for summary judgment. *Primock v. Hamilton*, 168 Colo. 524, 452 P.2d 375 (1969). But, where, as here, the moving party shows by affidavit and deposition specific facts probative of a right to judgment, the non-moving party must demonstrate a genuine issue of material fact for trial. *Durnford v. City of Thornton*, 29 Colo.App. 349, 483 P.2d 977 (1971). If there is no counter-showing, the trial court has no alternative but to conclude that no facts remain to be deter-

mined, and, therefore, as a matter of law, summary judgment is proper. *Bailey v. Clausen*, 192 Colo. 297, 557 P.2d 1207. (1976).

■ Here, Edith failed to allege facts sufficient to establish the existence of a *per se* confidential or fiduciary duty. Any *per se* duty resulting from the trust ceased upon its termination. Edith's contention that the trust continued until final distribution of the assets under the 1976 agreement is without foundation in the record. To the contrary, the terms of the 1975 agreement specified that the trust was immediately revoked on execution of the agreement.

Alternatively, Edith argues that, if the 1975 agreement is so construed, a *per se* fiduciary duty arose as a result of ownership of real property as tenants in common. Again, we disagree. Although tenants in common have a "good faith" obligation in their dealings with regard to the jointly owned property, *Davis v. Bower*, 29 Colo. 422, 68 P. 292 (1902), there was no evidence presented by affidavit or otherwise that Martyn had knowledge of relevant matters that were not communicated to Edith.

Edith further asserts that the existence of an agency relationship surviving the trust was a question of fact which, if proved, would give rise to a *per se* fiduciary duty. While we agree that if an agency were established there would be a fiduciary obligation, *Pouppirt v. Greenwood*, 48 Colo. 405, 110 P. 195 (1910), the competent affidavits and depositions before the court when summary judgment was granted are probative of Martyn's role as manager of the trust but give no indication that there was a confidential or fiduciary relationship between Edith and Martyn during the negotiations. Likewise, the fact that Martyn and Edith were brother and sister does not establish a *per se* fiduciary relationship. *See Weeks v. Esch*, 39 Colo.App. 428, 568 P.2d 494 (1977). Accordingly, the record would not support a conclusion that, when Edith and Martyn were negotiating the property distribution, there was a legal relationship which gave rise to a *per se* fiduciary or confidential duty on Martyn's part.

As a result, Edith has failed to demonstrate the existence of a fiduciary or confidential relationship arising from the conduct of the parties. The competent affidavits and depositions before the court simply do not permit the inference that, when he was not acting as manager of the trust, Martyn continued to act on Edith's behalf or that she placed her confidence in him and relaxed the vigilance she would have exercised in dealing with a stranger. Hence, we conclude that, with regard to the claim of breach of fiduciary or confidential duty, there was no genuine factual issue to be resolved and, accordingly, summary judgment was proper. *Ginter v. Palmer*, 196 Colo. 203, 585 P.2d 583 (1978).

II.

■ Summary judgment was also appropriate with respect to Edith's claim of fraudulent concealment. Actual knowledge of the fact allegedly concealed, here the actual value of the Holden Hotel in 1976, is an essential element of fraudulent concealment. *Denver Business Sales Co. v. Lewis*, 148 Colo. 293, 365 P.2d 895 (1961). Edith's allegations that Martyn was aware that the 1972 I.R.S. valuation of the Holden was considerably less than its 1976 value is not supported by affidavit or deposition before the court at the time summary judgment was granted.

III.

■ Edith also argues that it was error for the trial court to refuse to vacate its judgment and reopen the proceedings in order to receive newly discovered evidence. We do not agree. Even where, as here, judgment has been granted without a trial on the merits, the decision to reopen proceedings is within the sound discretion of the trial court, and, in the absence of an abuse of that discretion, failure to reopen the case will not be grounds for reversal. *See American National Bank v. Christensen*, 28 Colo.App. 501, 476 P.2d 281 (1970); C.R.C.P. 59(a)(4). We find no abuse of discretion here.

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.